### HUNT & VAUGHAN *v.* G. W. SHACKLEFORD.

1. BAILMENT. *Receipt as evidence thereof. Its assignability.*
   A receipt in the words following imports no legal liability of the signer thereof, and no action can be maintained upon it without evidence *aliunde:* "Received from H. M. Peden one letter-envelope, sealed, and said to contain two hundred and ninety dollars." But, if it be shown by other evidence that the money was received as a bailment, a recovery may be had upon the receipt. And in such case the receipt constitutes a legal liability, and is assignable, under sections 670 and 2228 of the Code of 1871.

2. SET-OFF. *Claim of cestui que trust allowed.*
   In an action of *assumpsit* the defendant, having a claim as *cestui que trust* for the value of cotton converted by the plaintiff, or by his assignor, before notice to the defendant, may set off the same against the plaintiff's demand.

ERROR to the Circuit Court of Jefferson County.

Hon. J. M. SMILEY, Judge.

The case is stated in the opinion of the court.

*Nugent & McWillie,* for the plaintiffs in error.

1. The receipt read in evidence, of itself, imported no promise, either express or implied, and, unsupported by other evidence, was insufficient to establish the plaintiff's cause of action. Such being the character of the instrument, it was not assignable by indorsement in blank, and the plaintiff, resting his title thereon, was not authorized to maintain the suit.

2. The plea of set-off, and proof under same, did not constitute an admission of the liability. The set-off was a counter-claim, growing out of a different transaction. An effort to recoup against a debt is treated as an admission of the liability, but only because the claim in such case must arise out of

the same transaction. A set-off does not fall within the reason of the rule, and the defendant who pleads may recover the amount of it, while the plaintiff wholly fails to establish his right.

The taking by Peden, the original holder of the receipt, of the cotton covered by a mortgage lien in favor of defendants rendered him liable to account to them for its value, and they could properly set off such value against the debt sued for. *Witcinski* v. *Everman*, 51 Miss. 847.

*Jones & Pintard*, on the same side.

*H. Cassedy*, for the defendant in error.

1. The deposit of the money with the defendants below was a bailment, with the implied promise on their part to return it on demand. This contract was evidenced by the receipt, which was in its legal effect a promise to pay or deliver $290. This cause of action was assignable by indorsement. Code 1871, sec. 2228. But any cause of action is assignable, with or without indorsement, by bare delivery — even an open account. *Ashby* v. *Carr*, 40 Miss. 64; *Pass* v. *McRae*, 7 Geo. 142.

2. The legal title to the cotton was in the trustee, and not in the defendants; and if the value of the property could have been claimed against Peden at law, it must have been sued for by the trustee, the owner of the legal title. A set-off is in the nature of a cross-action, and can only be maintained at law by the holder of the legal title. The defendants had a lien on, and a right to have their demand satisfied out of, the cotton, in a proper proceeding; but they had no property, no such title, as would enable them to sue for its value at law. *Cloud* v. *The State*, 53 Miss. 662; *Westmoreland* v. *Wooten*, 51 Miss. 825.

CHALMERS, J., delivered the opinion of the court.

The defendant in error, as the assignee and holder of the following instrument, brought suit thereon against the makers:

"Received from H. M. Peden, Esq., one letter-envelope, sealed, and said to contain two hundred and ninety dollars.

[Signed]                              "HURT & VAUGHAN,
                                          "per EVANS.
[Indorsed] "H. M. PEDEN."

The declaration contained a count for money had and re-ceived, and for a bailment with contract to redeliver.

The defendants pleaded *non assumpsit*, and payment to Peden by set-off, before notice of transfer. The plaintiff read the instrument in evidence, and rested his case.

Had the defendants demurred to the evidence, or gone to the jury without evidence, they must have prevailed, because the writing, unexplained, imported no obligation to pay any thing, or to redeliver. Upon its face it was a mere receipt, and, without explanation, imposed no legal liability of any sort. *Non constat* but that the package had been delivered in payment of a debt, or belonged to some person other than Peden.

But the defendants themselves introduced evidence which tended to show that the sealed package did contain $290, and that it was received as a bailment; and the whole case being before us on general bill of exceptions, we are able to see that the instrument did import a legal liability, and was, therefore, assignable under sections 670 and 2228 of the Code of 1871.

The set-off pleaded and proven by the defendants consisted of a claim for the value of six bales of cotton, mortgaged to the defendants, which Peden had obtained possession of as their agent, and converted to his own use. Their value was proven to be in excess of $290.

It is objected that this claim could not be made the basis of a set-off, because, by the terms of the trust deed, the legal title to the cotton was invested in a trustee for the use and benefit of the defendants, who, being only *cestuis que trust*, could not in a court of law assert their interest. The objection is too technical. The title of the trustee was purely

nominal — the whole beneficial interest being in the defend-
ants. The money realized from the conversion belongs to
them, and when they are sued on other accounts, by the party
who has converted it to his own use, or by an assignee who is
legally bound by the equities, no good reason is perceived
why they may not set off the one demand against the other.

It was held, in *Ashby* v. *Carr*, 40 Miss. 64, that the holder,
by delivery of an unassigned open account, might plead it by
way of set-off, though not invested with the legal title. The
principle is the same in the question here involved.

The jury, by their verdict, rejected the set-off. We think
their verdict wholly unsupported by the testimony. The trust
deed was produced in evidence, and its validity was not ques-
tioned. The admissions of Peden that he had converted the
cotton, knowing it to be under mortgage to the defendants,
were proven, nor was there any conflicting testimony in the
case.

The instruction given for the plaintiff was correct, but there
was nothing in the case to warrant the finding of the jury.

Judgment reversed and cause remanded for new trial.