# T. M. BLACK ET AL. v. C. L. ROBINSON.

1. TRUST DEED ON CROP. *Grantor's right. Purchaser.*
   A grantor in a deed of trust for supplies on a crop of cotton to be grown by himself can sell or give away the product when made, and his vendee or donee acquires the legal title subject only to the incumbrance.

2. SAME. *Beneficiary's right. Intervening equity.*
   The equity of the *cestui que trust* is to the proceeds of the trustee's sale to the amount of his supply bill, but he cannot take the product on the debt at a price agreed on with the grantor after the latter sells to another person.

3. SAME. *Purchaser from grantor. Marshalling securities at law.*
   If enough other property embraced in the trust deed is available without delay or inconvenience to pay the supply account, the *cestui que trust*, who takes the cotton, cannot, by interposing his equity, defeat a lawsuit against him by a purchaser from the grantor. *Hunt* v. *Shackleford*, 55 Miss. 94, distinguished.

4. SAME. *Damages. Instructions.*
   On such a state of facts, the measure of damages in an action of trespass is the value of the cotton when taken with interest, and it is erroneous to instruct the jury to assess "any other actual damages proved."

5. SAME. *Trespass. Exemplary damages.*
   Exemplary damages should not be awarded in such a case, although the defendant bought the cotton from his debtor at night, and shipped it immediately by express in order to surpass the plaintiff.

6. SAME. *Evidence. Hearsay.*
   Fabrications of the agents and servants of the express company that the defendant employed in removing the cotton are not admissible in evidence, although calculated to deceive the plaintiff, who, in the defendant's absence, was asking them questions.

7. SAME. *Hearsay. Declarations.*
   Declarations of the grantor and his wife, to whom he gave the cotton, to the effect that she rented land and made a crop, cannot be proved by persons who heard them uttered when the defendant was not present.

APPEAL from the Circuit Court of Hinds County.

HON. T. J. WHARTON, Judge.

This was an action of trespass in which the plaintiff, C. L. Robinson, claimed one thousand dollars damages for the taking of one bale of cotton by the defendants, a firm composed of T. M. Black and others.   The case was tried on the plea of not guilty, when the plaintiff proved that a member of the defendants' firm got the bale of cotton at night from the house of a man, named David Warner, from whom he purchased it on account, and shipped it by express to Jackson, a station on the railroad ten miles from where he first took the bale, and that he did this openly, without any attempt to conceal his acts; that the plaintiff owned the cotton through a purchase from David Warner's wife, and attempted to retake it without success.   The plaintiff also proved by several witnesses that Warner and his wife had both stated that she rented land and made a crop on her own account, although the defendants objected to this testimony as hearsay; and under the same objection, the plaintiff had the express company's employes to testify that they fabricated statements to deceive him when he came next morning searching for his cotton bale.

The defendants then introduced one of the partners, who testified that their firm held a deed of trust on the crop of cotton to be cultivated by David Warner, and on his live stock, to secure advances of supplies during the year; and the trust deed, note, and supply bill were introduced, showing a balance due the defendants of two hundred dollars, which the witness said was correct.   The witness added, that the live stock were valuable enough to cover this balance, but he thought that the plaintiff was trying to surpass him, and he was determined to get ahead of his adversary, and that therefore he went immediately, on discovering that Warner had sold the cotton, and took it on account, at a price fixed by agreement with him.

For the plaintiff, the court charged: 1. That if Mrs. Warner owned the bale of cotton, and sold and delivered it to the plaintiff, and afterward one of the defendants acting for the firm took the bale, removed it, and converted it to their use, the jury should find for the plaintiff.   2. That if the taking and conversion were without fraud, malice, oppression, or willful wrong, the measure of damages

was the value of the property taken and interest to this date; and, to this, the court added the words: " and any other actual damages proved."   3. If the taking or conversion was with fraud, malice, oppression, or willful wrong, the measure of damages was the value of the property taken, and all actual damages proved to have been sustained by the plaintiff, and also such amount of punitory damages as the jury might see proper to assess.   4. A married woman, under our law, may rent land and cultivate it, and receive the profits as if she were unmarried.   5. If the defendants, knowing of the sale to the plaintiff, took and converted the cotton while holding ample security on other property for their debt, they were liable.   6. If David Warner sold or gave the bale of cotton to his wife, she acquired title subject to the deed of trust of the defendants after they had applied all the property embraced therein, except the bale, to the satisfaction of the balance due them, and the same title to the bale passed to C. L. Robinson.

There was a verdict for the plaintiff for one hundred dollars, a motion for a new trial was overruled, and the defendants appealed from the judgment.

*M. Dabney,* for the appellants.

1. Nothing was involved in the trial at law but the legal title, which was in the trustee.   The plaintiff had illegally obtained the cotton.   Code 1880, § 1177.   It was still subject to the trust deed, and when David Warner waived his right to a public sale, and agreed to have the cotton shipped, and the proceeds applied directly to the trust, the plaintiff had no cause of complaint. *Elson* v. *Barrier,* 56 Miss. 394.   Marshalling securities is unknown to the law.   This is a doctrine of equity, and it cannot be engrafted on the legal system.   The act by which the plaintiff acquired his pretense of claim was a violation of criminal statutes.   Code 1880, §§ 2908, 2909.   With little grace, therefore, does he claim damages from the owners of the property.

2. Unless the plaintiff's title was legal, he could not recover. No equity was available to him in the law court.   Damages should, therefore, have been denied.   But the court allowed exemplary damages in the charges.   Hearsay evidence was admitted as a

foundation for the claim, and erroneous instructions were allowed to give these rumors a force which they did not otherwise possess. Assuming the plaintiff's title to be legal the charges were improper. The defendants could not subject themselves to punitory damages by asserting their rights under the deed of trust, even if they adopted a mistaken method.

*Harry Peyton,* on the same side.

1. The woman held the cotton, after her husband's gift, as bailee for the appellants, and she had no power to confer a title on the appellee. *Lee* v. *Portwood,* 41 Miss. 109. She could acquire no title by gift against her husband's unsecured creditors. In fact, the whole pretense of a parol contract between husband and wife is in violation of the statute. Code 1880, § 1177. Robinson was a purchaser with notice, and if she had no title, he acquired none. *Hull* v. *Clark,* 14 S. & M. 187. But even the pretense of title was made out by hearsay testimony introduced under the defendants' objection.

2. The position taken by the plaintiff, which was sustained in the charges, clothed the law court with the power of an equity tribunal. Marshalling securities pertains to the chancery court; and this tribunal would require the complainant to come with clean hands, and not in the garb of a criminal. Code 1880, §§ 2908, 2909. Is a violator of these criminal laws a junior mortgagee or a purchaser in good faith? In the case of *Elson* v. *Barrier,* 56 Miss. 394, a suit by the *cestui que trust* in his own name is approved. No objection can be urged to his taking the property by contract with the grantor, if he can recover in an action for its possession.

*E. E. Baldwin,* for the appellee.

1. The preponderance of evidence is that the woman rented the land on which she cultivated the cotton, and the verdict will not be disturbed. *Kelly* v. *Miller,* 39 Miss. 17. But assuming that the man gave the bale to his wife, this was a consideration good in law, and she became the owner against all persons, except the trustee, after condition broken. *Keaton* v. *Miller,* 38 Miss. 630. The title passed to Robinson by her sale, subject only to the contingent liability for the debt after application of the other property.

2. The appellants' partner was not the trustee, and had no right to seize the mortgaged property. When he converted the cotton, he was a mere trespasser, and became liable to an action. If he wished to test the rights of his firm, the trustee could have taken the cotton, or if Warner refused to deliver it, an action of replevin could have been instituted. By either of these methods the appellee's right to contend for his interest in the bale would have been preserved. But the appellants, knowing that they had no legal rights, took the law into their own hands.

COOPER, J., delivered the opinion of the court.

As to all the world except the trustee in the deed of trust, Warner was the holder of the legal title to the property, and might sell it to third persons, subject to the same incumbrance as that under which he held it. By the gift or sale of the cotton to his wife, he transferred whatever right he had to her, and by her sale she transferred the right thus acquired to Robinson. The appellants had no right to the possession of the cotton. The extent of their right was to have the trustee take possession of the mortgaged property, and sell it according to the provisions of the deed of trust, and to have an appropriation of the proceeds to the satisfaction of the debt due by Warner to them. Warner, having parted with his interest in the cotton sued for, could not, by thereafter consenting to a sale of the cotton by the appellants, or by selling it to them at an agreed price, bind C. L. Robinson, who then held the cotton. Robinson's right having intervened, it could only be affected by a sale as provided in the deed of trust by which it was incumbered when he bought.

In the case of *Hunt* v. *Shackleford,* 55 Miss. 94, it was decided that although the *cestuis que trust* had no legal title to property conveyed to a trustee to secure a debt due to them, yet as they were entitled to the proceeds of the property when sold, they might, in an action at law brought against them by one who had converted the mortgaged property, set off its value against the plaintiff's demand. The case now before us differs from that just noted in this, that it is here shown that the appellants had ample security for

their debt upon other personal property conveyed by the deed of trust, and the plaintiff Robinson in reply to the equitable right propounded by the defendants to appropriate the proceeds of the cotton to their debt, invokes that rule of equity which requires the mortgagee to proceed against the mortgaged property remaining in the hands of the mortgagor, before subjecting that with which the mortgagor has parted.   It is shown by the evidence that the mortgaged property, exclusive of that which is the subject of this suit, is more than sufficient to pay the whole of the secured debt, and there is no intimation leading to the conclusion that the *cestuis que trust* would be delayed or inconvenienced by resorting to it for the payment of their claim.  This being the case, we think the defendants cannot successfully interpose their equitable right of appropriating the proceeds of the mortgaged property to their debt as a bar to the plaintiff's right of recovery on his legal title to the property, for their equity is met by one equally strong for the plaintiff.  *Lee* v. *Buck*, 13 S. C. 178.

The court erred in admitting in evidence the declarations made by Warner and his wife to the effect that she had leased land and cultivated a crop thereon, and in giving the fourth instruction for the plaintiff predicated on such declarations.   These statements were hearsay evidence, and for this reason should have been excluded.   The same objection lies to the testimony going to show what declarations were made by the agents and servants of the express company to the plaintiff touching the shipment of the cotton.   The defendants were not present at the time when these conversations occurred and are not in any manner to be affected by them.

The second instruction for the plaintiff is erroneous.   In cases of conversion where there is neither fraud, oppression, or willful wrong, the measure of damages is the value of the property at the time of the conversion and interest thereon.  It was error to add to the instruction the further words, " and any other actual damages proved."   The third instruction for the plaintiff should not have been given.   The case proceeds rather upon the equitable than the legal rights of the respective parties, and it may be doubted

whether under any conceivable circumstances punitory damages can be awarded in such cases. Confining our opinion, however, to the case now before us, it is sufficient to say that this is not a proper case for such damages.

*Judgment reversed.*