J. S. Barlow v. L. L. Brittain.

1. Equitable Defense. *Action at law. Marshaling.*

Ordinarily, a court of law, trying legal titles, cannot marshal securities. The right can be availed of only in those exceptional cases where an equitable defense is permitted to which the right of marshaling is a reply. *Black* v. *Robinson,* 61 Miss., 54, distinguished.

2. Trust-deed. *Action for property converted. Defense.*

An action at law by the trustee in a deed of trust to recover the value of incumbered personal property, which has been purchased and converted, cannot be defended by showing that the debtor has other accessible property, subject to the deed, and sufficient to satisfy the debt secured thereby.

From the circuit court of Copiah county.

Hon. J. B. Chrisman, Judge.

This is an action, begun in the justice court, by Barlow, trustee in a trust-deed, to recover of appellee, Brittain, the value of certain cotton covered by the trust-deed, which Brittain had purchased from the grantor. The trust-deed, which was duly recorded, covered other property, and, on the trial, defendant introduced evidence to show, among other things, that there was other personal property covered

by the trust-deed, and still in the possession of the grantor, and accessible to plaintiff, sufficient in value to discharge the secured debt.   In view of this evidence, the court instructed the jury for the defendant as follows:

"1. The court instructs the jury for the defendant, that if they believe, from the evidence, that the property, consisting of two horses and fifteen bushels of corn, in the possession of Ben Austin, and embraced in the deed of trust, is accessible to plaintiff, and is sufficient to discharge the debt of plaintiff, they will find for the defendant."

Verdict and judgment for defendant.   Motion for new trial overruled, and plaintiff appeals.

*R. N. Miller*, for appellant.

Under the evidence in this case, there was a clear misapplication of the rule as to marshaling securities.

*George S. Dodds*, for appellee.

This case is governed by *Black* v. *Robinson*, 61 Miss., 54.

COOPER, J., delivered the opinion of the court.

The first instruction for the defendant should not have been given.   It is said by counsel that it was asked and granted upon the authority of *Black* v. *Robinson*, 61 Miss., 54.   The learned judge must have considered that decision as authority for the rule that a court of law will marshal securities wherever, under the facts proved, such course would be pursued in equity.   This is a misconception of the principle of that case.   In *Hunt* v. *Shackleford*, 55 Miss., 94, it had been held that the beneficiary in a deed of trust for the payment of debts, who was entitled to the proceeds of the property, could interpose his claim for the money as a set-off, when sued upon an independent cause of action by a person who had converted the property to his use.   In *Black* v. *Robinson, supra*, we recognized the rule announced in *Hunt* v. *Shackleford*, but held that the equity of the defendant might

be opposed by another equity of the plaintiff springing out of the same transaction. In short, that when a court of law permitted an equitable defense to be made, it would try the equity upon equitable principles. In that particular case the equity of the plaintiff was that of marshaling securities, but the decision was rather in limitation of the rule announced in *Hunt* v. *Shackleford* than in extension of the jurisdiction of courts of law over equitable matters. It is not authority for the proposition that a court of law, trying legal titles, can marshal securities; its extent is that, when an equitable defense is permitted at law to which the rule of marshaling securities is a reply, the countervailing equity of the plaintiff will be considered, as well as that of the defendant.

*The judgment is reversed.*