# SMITH *et al.* v. CHICAGO, R. I. & P. RY. CO.

### No. 2888.    Opinion Filed July 28, 1914.

### (142 Pac. 398.)

1. **MASTER AND SERVANT—Injury to Servant—Negligence—Presumption—Burden of Proof.** The law is that an employee who has sustained injuries is presumed to have been doing his duty, but this presumption of itself by no means implies that his employer was guilty of negligence. In an action for injuries caused by negligence, the burden is upon the plaintiff to make a *prima facie* case of negligence on the part of defendant.

2. **EVIDENCE—Res Gestae.** The rule is that declarations, to become a part of the res gestae, must accompany the act which they are supposed to characterize and explain, and must so harmonize as to be clearly one transaction. To make such declarations competent as evidence, they must exclude the idea of a narration of past occurrences of events, and they must have been made contemporaneously with the transaction or act which they are supposed to characterize and explain.

3. **SAME—Self-Serving Declarations.** Declarations of a party injured, made subsequent to receiving the injuries, if wanting in spontaneity and instinctiveness, are but the party talking about the facts, and not the facts speaking through the party, and form no part of the res gestae, but are self-serving declarations, and as such are properly rejected as evidence.

4. **SAME—Discretion.** The question of admissibility of statements as part of the res gestae should, in a great measure, be left to the determination of the trial court.

5. **SAME—Injury to Servant.** Deceased fell off of a train between one and two o'clock in the night. Upon being discovered after daylight the next morning, it was claimed by a witness that he made certain 'statements as to the condition of the door of the vestibule of the train and as to how he sustained his injuries. Held, such statement, being a mere narrative of past occurrences, was properly excluded as not being part of the res gestae.

6. **DEATH — Damages Recoverable — Mental Anguish of Decedent.** Under section 5281, Rev. Laws 1910, damages recovered must inure to the exclusive benefit of the widow and children, but such widow and children, suing in such capacity for the pecuniary loss sustained by them in the death of the husband and father, cannot recover for mental anguish and suffering, because whatever may be recovered for mental anguish and suffering belongs to the estate of deceased and not exclusively to the widow and children, and should be recovered by a separate action.

7. **WITNESSES—Competency—Husband and Wife.** In an action under Rev. Laws 1910, sec. 3281, for wrongful death, by a woman suing as widow of the deceased and as next friend to his children, the testimony of her present husband, the brother of deceased,

was incompetent under Rev. Laws 1910, sec. 5050, relative to the competency of a husband or wife to testify for or against each other, where he was not acting as her agent in the action, and had not so acted in respect to the subject thereof, and was not a party to the action.

(Syllabus by Harrison, C.)

*Error from District Court, Seminole County;*
*Tom D. McKeown, Judge.*

Action by Mary Smith, widow, and others against the Chicago, Rock Island & Pacific Railway Company, for wrongful death. Judgment for defendant, and plaintiffs bring error. Affirmed.

*H. H. Smith* and *W. T. Williams,* for plaintiffs in error.

*C. O. Blake, R. J. Roberts,* and *W. H. Moore,* for defendant in error.

Opinion by HARRISON, C. The deceased, Charles H. Smith, was a porter on a Rock Island passenger train running from Amarillo, Tex., to Shawnee, Okla. It is alleged in the petition that on the night of the 14th of December, 1907, at between one and two o'clock a. m. of such date, just as the train was pulling into the town of Choctaw, the deceased, in the performance of his duty as porter in attempting to open the door of the vestibule on one of the coaches preparatory to the alighting of the passengers, fell out of the train, breaking both of his legs, and sustaining other injuries, from which a short time thereafter he died. It is further charged that such fatality was the result of the defendant's negligence in failing to provide a suitable, safe, and sufficient roadbed and track near Choctaw; second, the negligent slacking or jerking of the train in nearing the depot at Choctaw; and, third, the gross and wanton negligence of defendant in permitting deceased to lie where he had fallen without giving any aid or making any effort to find him until from about two o'clock in the night until seven o'clock in the morning. These were the three acts of negligence charged against defendant and they constitute the sole basis of plaintiffs' cause of action. At the conclusion of plaintiffs' testimony the court sustained a de-

murrer to the evidence on the ground that the testimony had failed to disclose any negligence on the part of defendant. From such judgment the plaintiffs appeal to this court.

The first proposition presented is that the court erred in taking the case from the jury. It is contended by plaintiffs in error that deceased, under the law, is presumed to have been doing his duty, and that such presumption, in connection with the testimony submitted, was sufficient to have allowed the issues of negligence on the part of defendant to be submitted to the jury. It may be true, as a matter of law, that the deceased is presumed to have been doing his duty, but this of itself by no means implies that the defendant was guilty of negligence. The burden was upon plaintiffs to make out a *prima facie* case of negligence on the part of defendant. Hence the authorities cited in support of the contention that deceased was presumed to have been doing his duty are not applicable to the facts in the case at bar. The plaintiff charged in her petition that the deceased came to his death by reason of the rough and insufficient roadbed and by reason of the sudden jerking of the train. The plaintiff was allowed great latitude in her endeavor to prove these facts, and, from a careful reading of the entire record and of the excerpts of testimony in the briefs of both parties, we are unable to find a word which tends to prove that the road was unusually rough, or unevenly constructed, or that there was any negligent, sudden, or unusual jerking of the train as it pulled into Choctaw, and, so far as these two grounds of her cause of action are concerned, there was a total failure of proof, and the court was correct in sustaining the demurrer to the evidence thereto.

The next proposition urged in plaintiffs in error's brief is that the court erred in rejecting testimony as to the statements made by deceased when he was discovered the next morning. The plaintiffs offered a witness by whom it was sought to prove that deceased made certain statements to him as to how the accident occurred. The court rejected such testimony, and plaintiffs assign the ruling of the court as error on the ground that such testimony was admissible as part of the *res gestae*. The facts were that the deceased fell off the train some time between one

and two o'clock, and lay where he fell until some time the next morning, when, upon being discovered, it is claimed he made the statements which were offered in evidence. When the witness was offered, defendant objected to his testimony, and the court sustained the objection. Whereupon counsel for plaintiffs excepted and made the following offer of proof:

"Comes now the plaintiff and offers to prove by the witness Stubblefield that at the time he found the deceased, Charles H. Smith, along by the side of the track, before he had been removed from the scene of the accident, he stated to the witness that he was undertaking to open the door of the vestibule of one of the coaches of the defendant, preparatory to letting the passengers out at Choctaw, on the north side of the coach, and that the coach door opened hard, and had been opening hard for some time, and in trying to get it open, and the train checking suddenly for the station, precipitated him out of the vestibule by the door opening suddenly in response to the pull he was making on it, and that his hand at that time was caught in the small finger and the finger next to it, so as to indicate that he grabbed as he fell, and that the injury is one that would be made as he related it to the witness."

Aside from the question as to whether such statement is properly a part of the *res gestae,* it is entirely too narrative in form to be admissible under the rule of evidence.

In 11 Enc. of Ev. 309, the rule is stated as follows:

"A rule which is stated more frequently than any other relating to this subject is that a merely narrative statement of the past transaction is not admissible as part of the *res gestae.* This is based on the ground that such statements are not spontaneous."

This rule is supported by a number of decisions from 32 states, including *Smith v. Territory,* 11 Okla. 669, 69 Pac. 805, and also decisions from the Supreme Court of the United States.

In the case of *Smith v. Territory, supra,* this court in the body of the opinion says:

"The general rule is that declarations, to become a part of the *res gestae,* must accompany the act which they are supposed to characterize and explain, and must so harmonize as to be clearly one transaction. To make such declarations competent as evidence, they must exclude the idea of a narration of past occurrences of events, and they must have been made contem-

poraneous with the transaction or act which they are supposed to characterize and explain. And, to constitute a part of the *res gestae,* two things must occur, namely, the accompanying acts, and the declarations attending the whole transaction. We think that this case comes within the rule announced by the Court of Appeals of the state of Texas, in the case of *Jones v. State* [22 Tex. App. 324] 3 S. W. 230, where it was said: 'Declarations of a defendant subsequent to the commission of the offense, if wanting in spontaneity and instinctiveness, are but the party talking about the facts, and not the facts speaking through the party, and form no part of the *res gestae,* but. are self-serving declarations, and as such are properly rejected as evidence.' "

In 16 Cyc. 1162, the rule is stated as follows:

"As the statements are circumstantially probative of a present bodily condition, not evidence of the facts asserted, statements of a narrative nature as to the causes, attendant circumstances, or effect of the sickness or injuries, or the manner in which, or the time at which, an injury was inflicted, or the nature of its former symptoms, or in general as to bodily condition at another time, are incompetent.   *   *   * "

The same rule is announced in the Modern Law of Evidence, vol. 2, 1346; 24 Am. & Eng. Enc. of Law, 683.

In support of the rule above quoted from 11 Enc. of Ev., we find the following note:

"In *Waldele v. New York Cent. & H. R. Co.,* 95 N. Y. 274, 47 Am. Rep. 41, reversing 29 Hun (N. Y.) 35, it appeared that the plaintiff's intestate, an educated deaf-mute, was found lying on the defendant's track badly bruised and mangled shortly after the passage of a train which had been immediately followed by a lone engine. Plaintiff's theory was that his intestate, after waiting for the train to pass, had stepped upon the track in front of the engine following. The deceased, when found, was removed to the sidewalk near by, and about 30 minutes after the accident made a statement by signs to the effect that he had waited for the long train to go by and had been struck by the engine which followed it. This statement was held improperly admitted because not a part of the *res gestae.* 'The claim that the declarations can be treated as part of the *res gestae* is not supported by authority in this state. The *res gestae,* speaking generally, was the accident. These declarations were no part of it—were not made at the same time, or so nearly contemporaneous with it as to characterize it, or throw any light upon it. They

are purely narrative, giving an account of a transaction not partly past, but wholly past and completed. They depend for their truth wholly upon the accuracy and reliability of the deceased and the veracity of the witness who testified to them.' The court comments extensively upon the cases and their lack of harmony, and approves the rule laid down in numerous cases cited to the effect that to make declarations admissible as *res gestae,* they must not be narrations of a past occurrence, but must have been made as a part of the main transaction and so characterize that transaction as to form a part of it."

We believe the circumstances of this case and the form of the statement offered in evidence bring it clearly under the great weight of authority for rejecting this class of testimony. Besides, the weight of authorities inclines toward leaving the question of admissibility of this class of testimony in a great measure to the discretion of the trial court. The facts are all before him, and he has a better opportunity to determine whether testimony of this character is in fact a part of the things done, a part of the *res gestae,* than an appellate court. On this question Wigmore, in section 1750, says:

" * * * There is a lamentable waste of time by Supreme Courts in here attempting either to create or to respect precedents. Instead of struggling weakly for the impossible, they should decisively insist that every case be treated upon its own circumstances. They should, if they are able, lift themselves sensibly to the even greater height of leaving the application of the principle absolutely to the determination of the trial court. Until such a beneficent result is reached, their lucubrations over the details of each case will continue to multiply the tedious reading. of the profession."

The learned author then cites several hundred decisions in support of this doctrine.

The next proposition urged is that the court erred in rejecting the testimony of John Smith. John Smith was a brother of deceased, but at the time of this suit was the husband of the plaintiff, Mary Smith. Mary Smith was suing in a representative capacity as the widow of Charles H. Smith and as next friend to the children of deceased. Under section 5281, Rev. Laws 1910, John Smith had no interest whatever in the result of the suit,

but every cent of it, if any should have been recovered, inured to the widow and children.

The question of the competency of his testimony is settled by section 5050, Rev. Laws 1910, which provides:

"The following persons shall be incompetent to testify: * * * Third, husband and wife, for or against each other, except concerning transactions in which one acted as the agent of the other, or when they are joint parties and have a joint interest in the action. * * * "

John Smith was neither acting as the agent of his wife in this action, nor did he so act in the subject thereof, nor was he a party to the action. Hence his testimony was incompetent. This disposes of all the material propositions which bear upon the first two grounds for a cause of action, and the judgment of the trial court in sustaining the demurrer to the evidence as to these two grounds is sustained.

As to the third ground, the ground upon which plaintiff sought damages for the mental anguish and suffering of deceased, while the facts in relation thereto might have been sufficient to have led reasonable men to differ, and therefore should have been submitted to the jury, yet inasmuch as plaintiff was suing under section 5281, Rev. Laws 1910, which provides that the damages recovered must inure to the exclusive benefit of the widow and children, and inasmuch as recovery for his injuries, mental anguish, and suffering is a cause for which he could have recovered had he lived, and inasmuch as whatever he might have recovered on such grounds belonged to his estate and not exclusively to the widow and children, she could not recover for mental anguish in the capacity in which she brought this suit, but should have brought a separate action on that ground. Hence whatever error may have been committed by the court in this regard was harmless.

The judgment, therefore, is affirmed.

By the Court: It is so ordered.