**DERRY et al. v. STATE ex rel. WALCOTT.**

No. 15139—Opinion Filed Feb. 3, 1925.

Rehearing Denied April 14, 1925.

**1. Trial—Making Up Trial Docket—Joining Issues—Reply—Discretion.**

Issues are joined in an action by the filing of an answer within the time required by law, and the case stands for trial at the term of court next after or during which the issues are so made up, but not less than ten days after issues are joined. If plaintiff fails to file a reply, consisting of a general denial, until the day the case is set for trial, this does not authorize a continuance or postponement of the trial under Comp. Stat. 1921, section 582, as it does not change the issues already joined by the petition and answer. The filing of a general denial by way of reply out of time is in the sound judicial discretion of the trial court.

**2. Jury—Right to Jury Trial—Equity Case.**

In an equitable action to foreclose a mortgage, no personal judgment being sought, where the defense is mental incapacity of the maker at date of execution of the mortgage, and the relief sought by the answer is

cancellation of the note and mortgage, defendant is not entitled to a trial by jury.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Canadian County; James I. Phelps. Judge.

Action by the State of Oklahoma on the relation of Roy Walcott, Bank Commissioner, against Grace V. Derry and Al Derry to foreclose a mortgage upon real estate. Decree for plaintiff, and defendants bring error. Affirmed.

This action was commenced January 19, 1923, by plaintiff filing its petition in the district court of Canadian county, wherein it is alleged, in substance, that on or about February 28, 1922, the Commercial Bank of El Reno was in an insolvent condition and was taken over by the Bank Commissioner by virtue of the laws of this state; that among the assets of said bank coming into the hands of the Bank Commissioner was the note and mortgage sued on in this action; that the note and mortgage are dated August 3, 1921, for the sum of $3,000, with interest thereon at eight per cent, and 10 per cent. additional for attorney's fees if placed in the hands of an attorney for collection. Copies of the note and mortgage are attached to the petition as exhibits, and the petition is in the usual form for foreclosure of mortgages. No personal judgment was asked against the defendants, but simply a foreclosure of the mortgage and sale of the property to satisfy the lien.

Defendants. Grace V. Derry and Al Derry, filed separate answers, each containing a general denial. Al Derry admitted the execution of the note and mortgage, but denied that same were given for a valuable consideration, and alleged that the same were executed to Charles L. Engle, president of the Commercial Bank, for the purpose of indemnifying the said Engle against liability on notes of the defendant guaranteed by the said Engle; that Engle had not been required to pay any of the obligations so guaranteed by him, and that therefore there was no liability upon the note and mortgage in this action.

In addition to her general denial Grace V. Derry answered denying the execution of the note and mortgage, and alleged that if she did execute the same it was while she was sick and her nervous system shattered, and her mental condition such that she was incompetent by reason of physical and mental infirmity to transact business or to comprehend the meaning and import of what she did.

Plaintiff filed replies to these separate answers. and on July 12, 1923, the cause came regularly on for trial before the court, and resulted in a decree in favor of the plaintiff for a foreclosure of the mortgage. After unsuccessful motion for new trial the defendants have brought the case here by petition in error with case-made attached for review. The parties will be hereafter referred to as plaintiff and defendants, respectively, as they appeared in the trial court.

A. G. Morrison, for plaintiffs in error.

Babcock & Trevathan, for defendant in error.

Opinion by LOGSDON, C. Defendants have assigned numerous errors in their petition in error, but they are all argued and presented under three propositions in the briefs, as follows:

"First. The court erred in requiring the defendants to go to trial on the 12th day of July, 1923.

"Second. The court erred in refusing the defendants the right of a trial by jury.

"Third. The court erred in giving a decision for the wrong party and in refusing to render a decision for the defendants."

The first proposition is based upon the language of Comp. Stat. 1921, section 582, which reads:

"Actions shall be triable at the first term of court after or during which the issues therein, by the time fixed for pleading, are, or shall have been made up. When the issues are made up, or when the defendant has failed to plead within the time fixed, the cause shall be placed on the trial docket, and if it be a trial case shall stand for trial at such term ten days after the issues are made up, and shall, in case of default, stand for trial forthwith. When any demurrer shall be adjudged to be frivolous the cause shall stand for hearing or trial in like manner as if an issue of fact had been joined in the first instance."

It appears from the record that the separate answers of the defendants were filed in due time as required by law, and it further appears that the replies of plaintiff to these separate answers were in the files of the case for a long time prior to the date of the trial, but through some oversight the file mark of the clerk had not been placed upon them, and they were only filed with leave of the court on the day of trial. It further appears that counsel for defendants was informed by someone on Monday before the case was called on Thursday that all civil cases would be stricken from that assignment. When the case was called for trial

on Thursday counsel for defendant objected to going to trial at that time because of his information that the civil cases would be stricken from the assignment. No claim was at that time made that defendants were not ready or that their witnesses were not in attendance, nor was any other reasonable showing made why the case should not proceed to trial. It is now urged and insisted in the brief that the case did not stand properly for trial at that time for the reason that the issues had not been made up ten days prior to the date of trial, the replies to the separate answers being filed by the clerk on the day of the trial. There is no merit in this contention of defendants. In the case of Childs et al. v. Cook et al., 68 Okla. 240, 174 Pac. 274, this court had under consideration a situation very similar to the one shown by the record in the instant case, and in the third paragraph of the syllabus this court said:

"When the issues have once been fully made up by the filing of pleadings, or by the failure to file them, the provision of section 5043, Rev. Laws 1910 (Comp. Stat. 1921, section 582), that a cause stands for trial whenever the issues have been made up for a period of ten days, has spent its force, and thereafter any change in the issues caused by the filing of new or amended pleadings by leave of the court or consent of the parties does not, by reason of said section necessarily work a delay of the trial."

In the instant case the issues were made up by the filing of the petition and the separate answers of the defendants. The failure of plaintiff to properly file the replies did not operate to extend the time within which the case might be set for trial. Leave of the court granted on the day of trial to file these replies was a matter of judicial discretion which will not be disturbed except for abuse thereof. These replies were merely general denials, and did not raise any new issues in the case. See, also, Chicago, R. I. & P. Ry. Co. v. Pitchford, 44 Okla. 197, 143 Pac. 1146; King et al. v. King, 42 Okla. 405, 141 Pac. 788.

The second proposition urged by defendants is untenable for the reason that this court in a long line of decisions has definitely settled this question against the contention of defendants. In the case of Mass et al. v. Dunmyer, 21 Okla. 434, 96 Pac. 591, this court in the first paragraph of the syllabus said:

"In an action for foreclosure, where a defendant, against whom no money judgment is sought, by cross-petition in his answer sets up a defense and alleges a cause of action involving the application of equitable doctrines, and seeks relief that only a court of equity can give, such defendant is not entitled to a jury trial on the issues raised by his cross-petition."

In the case of Echols v. Reeburgh, 62 Okla. 67, 161 Pac. 1065, the second paragraph of the syllabus reads:

"In an action for foreclosure, where a defendant against whom no money judgment is sought, by cross-petition, sets up lack of understanding and incompetency in the maker of the note and mortgage, and upon that ground seeks the affirmative relief of cancellation of the note and mortgage, under the authority of the decision of this court in Mass et al. v. Dunmyer, 21 Okla. 434, 96 Pac. 591, and of Hartsog v. Berry, 45 Okla. 277, 145 Pac. 328, such defendant is not entitled to a jury trial upon the issue of the lack of understanding of such maker."

Defendants' third proposition involves the sufficiency of the evidence to support the findings and decree of the trial court. Comp. Stat. 1921, section 4982, reads:

"A conveyance or other contract of a person of unsound mind, but not entirely without understanding, made before his incapacity has been judicially determined, is subject to rescission without prejudice to the rights of third persons, as provided in the article on extinction of contracts."

An examination of the record in this case discloses that Mrs. Derry was a very sick woman during the year 1921; that she was suffering from a nervous breakdown, and was under the constant care of a physician. There is no evidence that she was imbecile or idiotic, or that she was suffering from any other mental infirmity than that resulting from her physical condition. During this period of time the note and mortgage in question were not the only business transactions which she and her husband conducted. It is in evidence that they made contracts and executed notes and mortgages involving many thousands of dollars. She was a witness on the trial of this case in her own behalf, and her mental competency was not questioned. The defendant, Al Derry, did not offer any testimony in support of the defense alleged in his separate answer.

The trial court heard all of the testimony and observed the witnesses, and was better able by reason thereof to determine the weight and value of their testimony than is this court from the mere reading of the record. This is an equitable action and unless it can be said from an examination of all of the testimony in the case that the findings and decree of the trial court are against the clear weight of the evidence, it is the duty of this court to sustain the action of the trial

court. If the rule in equitable actions were the same as in law actions, and the judgment were required to find reasonable support in the testimony, the judgment and decree in this case upon the facts would have to be sustained because the evidence amply sustains the findings and judgment.

It is, therefore, concluded upon the whole case that no error of law affecting the rights of the defendants was committed in the trial of this case, and that the findings and decree of the trial court upon the facts should be in all things affirmed.

By the Court: It is so ordered.

Note.—See under (1) 13 C. J. p. 131, 31 Cyc. p. 247 (1926 Anno), 38 Cyc. p. 1280; (2) 35 C. J. p. 166.