# BAKER v. STANDARD ACCIDENT INS. CO.

No. 17333—Opinion Filed Nov. 9, 1926.

(Syllabus.)

**Insurance—Accident Insurance — Action to Recover for Death at Hands of Robbers —Sufficiency of Petition.**

Where the beneficiary alleges, in the language of an accident policy, that the insured met his death "from bodily injuries effected, directly, exclusively and independent-

ly of all other causes through external, violent, and accidental means, in this, to wit, that the insured was then and there attacked by highway robbers, who so externally, violently, and accidentally struck. beat, and bruised the insured and so overpowered him that they were enabled to strip him of his clothing, and did then and there take his money and did punch and beat the insured with guns, and that as a result of such striking and beating by said robbers in and upon the body of the said insured he, the insured, did then and there, lingering about 30 minutes, die," a cause of action was pleaded in favor of the plaintiff and against the defendant, and an order sustaining a demurrer to the petition on the ground the petition did not allege therein a cause of action was erroneous.

Error from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Action by Lettie E. Baker against the Standard Accident Insurance Company. Judgment sustaining general demurrer to petition, and plaintiff brings error. Reversed.

Saunders & Emerick, for plaintiff in error.

E. C. Stanard and M. L. Hankins, for defendant in error.

BRANSON, V. C. J. The plaintiff, Lettie E. Baker, sued the defendant, Standard Accident Insurance Company, a corporation, in the superior court of Pottawatomie county. Judgment was rendered sustaining a general demurrer and dismissing her amended petition, from which she appeals. The parties are referred to as plaintiff and defendant, as they appeared in the trial court.

The amended petition, omitting the formal parts, and after stating that the plaintiff is a resident of Pottawatomie county and that the defendant is a corporation and duly licensed to carry on an insurance business in the state of Oklahoma. specifically pleads:

"That on or about May 3. 1923. in consideration of the payment of the premium to the defendant in the sum of $50.40, which was duly paid to the defendant. the said defendant made. executed, and delivered its certain policy of insurance in writing, the same being insurance policy No. 47KA54,344, wherein and whereby the defendant company insured Henry Baker against loss resulting from bodily injury effected. directly, exclusively and independently of all other causes, through external, violent and accidental means. and which policy contains the conditions and provision that in the event the said Henry Baker should lose his life through external. violent and accidental means, the said defendant would pay to the plaintiff. as the wife and beneficiary of the said Henry Baker, the sum of $2.000. A copy of said insurance policy is attached

hereto marked for identification, Exhibit 'A' and made a part of this petition.

"That on March 20, 1925, and while said insurance policy was in full force and effect, the said Henry Baker in the town of Sayre, Okla., met his death and lost his life as a result effected directly, exclusivly and independently of all other causes through external, violent and accidental means, in this, that the said Henry Baker was then and there attacked by highway robbers, who so externally, violently and accidentally struck, beat and bruised the said Henry Baker and so overpowered him that they were enabled to strip him of his clothing, and did then and there take his money and did punch and beat the said Henry Baker, with guns, and as a result of such striking and beating by said robbers in and upon the body of the said Henry Baker, he the said Henry Baker did then and there lingering about 30 minutes, die."

Defendant interposed a demurrer to the amended petition, which being sustained by the trial court, and the plaintiff having elected to stand thereon, her petition was dismissed. From this order she prosecutes error.

Of course, the controlling assignment of error is that the trial court was wrong in sustaining the demurrer to the petition. Attached to the amended petition was a copy of the insurance policy declared upon. Omitting the consideration clause thereof. the defendant therein contracted that it

"Hereby insures Henry Baker (hereinafter called the insured), whose occupation is a passenger train porter, against loss resulting from bodily injuries affected directly, exclusively and independently of all other causes through external, violent and accidental means, except when intentionally self inflicted while sane or insane. * * *"

It will be noted from that part of the petition above quoted that plaintiff alleged specifically that the said Henry Baker was attacked by highway robbers, who killed him. We think it is not subject to debate under the authorities of this and other states that the beneficiary under a policy such as here may recover although death is caused by the intentional act of another. Lincoln Health & Accident Insurance Co. v. Johnigan, 114 Okla. 223, 245 Pac. 837: Union Accident Co. v. Willis. 44 Okla. 579, 145 Pac. 812; Oklahoma National Life Ins. Co. v. Norton, 44 Okla. 783, 145 Pac. 1138; Continental Casualty Co. v. Clark, 70 Okla. 187, 173 Pac. 453; General Accident Fire and Life Assurance Corporation, Limited, v. Hymes, 77 Okla. 20, 185 Pac. 1085; Great Southern Life Ins. Co. v. Churchwell, 91 Okla. 157, 216 Pac. 676.

It will be noted that the policy on which

plaintiff declares herein provides for insurance.

"against loss resulting from bodily injuries effected directly, exclusively and independently of all other causes, through external, violent and accidental means."

It will further be noted that the plaintiff pleaded in the exact terms of the policy itself, and the question here is: Did the plaintiff plead a cause of action? The defendant insisted to the trial court that she did not. It makes this argument here, but, as we view the law, the argument is not effective. The contention is this: That, after pleading the provisions of the policy as above set out, plaintiff should have further pleaded that the injury "was without the foreknowledge or connivance of the insured," etc. Defendant seems to base this contention upon the language used in the syllabus in the first cited case of Lincoln Health & Accident Ins. Co. v. Johnigan, supra, where the policy provided for indemnity against "injuries inflicted through external, violent and accidental means." Defendant admits in its brief that a close examination of the authorities reveals that whether or not its position is well taken depends upon the wording of the policy and is a matter of construing the wording of different policies. The defendant cites no case which holds that plaintiff must plead that death resulted other than for reasons which the terms of the policy itself create a liability. The terms of the policy in the instant case create a liability where the insured receives injuries "directly, exclusively and independently of all other causes through external, violent and accidental means."

In quoting the syllabus in the above-mentioned Johnigan Case, defendant contends the incorporation of the words "without the foreknowledge or connivance of the insured" made this a necessary allegation of the plaintiff's petition. We find that this syllabus is quoted from the case of Union Accident Co. v. Willis, 44 Okla. 579, 145 Pac. 812. We have examined the record in that case, and find that the language of the policy was, "shall sustain personal bodily injury which is effected directly and independently of all other causes through external, violent and purely accidental means." The language of the petition in that case charged that the insured came to his death "from personal bodily injuries effected directly and independently of all other causes through external, violent and purely accidental means."

There was nothing in said petition filed by the beneficiary in this case which alleged, as defendant contends plaintiff in the instant case should have alleged, "without the foreknowledge or connivance of the insured."

No doubt if the injury received resulting in the death was by reason of the connivance of the insured, matter evidential thereof, defensive in its nature, would go to the jury on the issue as to whether or not the injury was caused "directly, exclusively and independently of all other causes."

The judgment of the trial court sustaining the demurrer is reversed, with direction to vacate the order sustaining the demurrer and reinstate the cause.

NICHOLSON, C. J., and MASON, HARRISON, PHELPS, LESTER, CLARK, and RILEY, JJ., concur.

Note.—See 1 C. J. p. 489, §240; anno. 48 L. R. A. (N. S.) 528; 20 A. L. R. 1123; 14 R. C. L. p. 1261; 4 R. C. L. Supp. p. 954; 5 R. C. L. Supp. p. 806.