## TEXAS COMPANY et al. v. YELL et al.

No. 17669.    Opinion Filed Nov. 29, 1927.

(Syllabus.)

1. **Trial—Time for Trial After Issues Joined not Extended by Filing Reply Consisting of General Denial.**

Issues are joined in an action by the filing of an answer within the time required by law, and the case stands for trial at the term of court next after or during which the issues are so made up, but not less than ten days after issues are joined. The filing of a reply, consisting of a general denial, within ten days of the day the case is set for trial, does not authorize a continuance or postponement of the trial, under section 582, C. O. S. 1921, as the filing of said reply does not change the issues already joined by the petition and answer.

2. **Witnesses — Impeachment — Cross-Examination as to Contradictory Statement.**

In an action for damages to crops caused by oil, etc., flowing over plaintiffs' lands from oil leases of the defendants, where a person who, at the request of the defendants, inspected said crops to ascertain if

they had been damaged, testifies as a witness for defendants that no damages had been suffered, it is not improper for counsel for plaintiffs, on cross-examination, to ask him relative to contrary statements made by the witness, not by way of compromise and settlement, but as an admission of fact. Such evidence is admissible for the purpose of discrediting the witness or impeaching his testimony.

Error from County Court, Carter County; W. F. Bowman, Special Judge.

Action by John Yell and C. W. Downey against the Texas Company et al. Judgment for plaintiffs and defendants appeal. Affirmed.

John R. Ramsey, for plaintiff in error Texas Company.

Walter Davison, for plaintiff in error Carter Oil Company.

Koerner, Fahey & Young, for plaintiffs in error Wolverine Petroleum Corporation and Roxana Petroleum Corporation.

Joe T. Dickerson, for plaintiff in error Skelly Oil Company.

Champion, Champion & Fischl, for plaintiffs in error generally.

Brown, Brown & Williams, for defendants in error.

MASON, V. C. J. The defendants in error, John Yell and C. W. Downey, recovered a judgment against the Carter Oil Company, the Texas Company, Roxana Petroleum Company, Wolverine Oil Company, Skelly Oil Company, and the Gypsy Oil Company, in the sum of $200 for damages sustained to growing crops owned by the plaintiffs, by reason of oil, base sediment, and salt water flowing across their lands from the oil properties of said companies, from which judgment all the companies, except the Gypsy Oil Company, appeal.

For reversal, it is first urged that the trial court erred, when the case was called for trial on the 2nd day of February, 1926, in overruling the motion of the Texas Company to strike the case from the trial assignment, for the reason that the issues had not been made up for ten days. This contention is based upon section 582, C. O. S. 1921, which provides:

"Actions shall be triable at the first term of court, after or during which the issues therein, by the time fixed for p'eading are, or shall have been made up. When the issues are made up, or when the defendant has failed to plead within the time fixed, the cause shall be placed on the trial docket, and if it be a trial case shall stand for trial at such term ten days after the issues are made up, and, shall, in case of default, stand for trial forthwith. When any demurrer shall be adjudged to be frivolous the cause shall stand for hearing or trial in like manner as if an issue of fact had been joined in the first instance."

It appears from the record that plaintiffs' petition was filed on November 27, 1925; that the Skelly Oil Company filed answer on January 21, 1926 and the Texas Company filed its answer on January 23, 1926. For reply to said answers of the Texas Company and the Skelly Oil Company, the plaintiffs filed a general denial on January 29, 1926. It will, therefore, be seen that trial of said cause was not had until ten days after said answers were filed, but within ten days after the filing of said reply by the plaintiffs.

It is well established, by a long line of decisions of this court, that the filing of a reply in the form of a general denial does not raise any new issue, nor is it cause for a continuance under the provisions of the statutes that actions shall not be set for trial before the expiration of ten days after the issues are made up.

In Derry v. State ex rel. Walcott, 109 Okla. 244, 235 Pac. 158, this court, in considering a similar question, where the trial court had permitted the plaintiffs to file a reply consisting of an general denial on the day of the trial, held:

"Issues are joined in an action by the filing of an answer within the time required by law and the case stands for trial at the term of court next after or during which the issues are so made up, but not less than ten days after issues are joined. If plaintiff fails to file a reply, consisting of a general denial, until the day the case is set for trial, this does not authorize a continuance or postponement of the trial under Comp. Stat. 1921, section 582, as it does not change the issues already joined by the petition and answer. * * *"

See, also, Childs v. Cook, 68 Okla. 240, 174 Pac. 274; Chicago, R. I. & P. Ry. Co. v. Pitchford, 44 Okla. 197, 143 Pac. 1146; King v. King, 42 Okla. 405, 141 Pac. 788.

It is next insisted, that the trial court erred in admitting testimony relative to an attempted compromise of this litigation. A witness for the plaintiffs, by the name of Taliaferro testified on direct examination that he had gone to the farm of the plaintiffs in company with several other parties at the request of an agent of the defendants

to ascertain whether or not, in his judgment, the plaintiffs had suffered any damage. He then testified that he saw no injury or damage to said crops at that time. On cross-examination he was asked this question:

"In your opinion, this farm was probably damaged to the sum of $200?"

Whereupon counsel for defendants made the following objection:

"We object. It is immaterial. The objection is this:

"We put this witness on to testify with reference to the damage to the crops. They can't claim some other damage that might have existed; for that reason it is incompetent, outside of the issue of the crops."

Counsel for plaintiffs then restated the question, but changed the word **farm** to **crop,** and the witness answered:

"I could not say that it was. I can give you the explanation why the $200 came up. I can't say that it was $200."

The following questions were then asked and answers given:

"Q. You did say that it was, didn't you? A. I can tell you why. Q. You can answer my question? A. I understand there was a proposition of $200. I was in sympathy with Mr. Downey, wanted to help him get what I thought he was entitled to. Q. Answer the question; say yes or no. A. No, I did not say it, no, sir. I could explain that, but I will let it go. Q. I will ask you if you did not tell Mr. Yell, on the streets of Ardmore, that his crop was damaged, after this investigation? Mr. Champion: We object. Court: Fix the time and place as near as you can. Q. About two weeks, after you were out there for the purpose of examining this the first time, in front of Herd Bailey's, you talked to Mr. Yell? A. I told him he had made a mistake by cutting his Johnson grass. Q. You mean the Johnson grass was damaged? A. The Johnson grass had some oil. He made a mistake by cutting it. Could not do any good. Q. The oil was on the land? A. In the low places. It had been all over it. Q. Over Mr. Austin's land? A. Yes, sir; all over that creek bottom. Q. I will ask if you did not there that day in the presence of C. W. Downey, Mr. Ellis, and Mr. McLennan, tell them, in your opinion, that crop was damaged in the sum of $200—the crop on that farm? Mr. Champion: Object; that is repetition. Court: Overruled. Mr. Champion: Exception. A. Mr. Downey was the man who made the proposition of $200. Q. You now state you did not state that? A. I told him I would try to get it, if I was him; if he could reach a compromise, he had better do it. * * * Q. Didn't he say he would make a compromise

to avoid lawyers, wasn't that discussed? A. I was working to get a compromise with them. Q. It was discussed, that he would not be out attorneys' fees or witness fees? A. Yes, sir. Q. I will ask if you did not tell McLennan he ought to get out a check right away for $175? A. No, I don't remember. Q. Didn't you tell him it was a good settlement? A. I don't remember. McLennan asked if we could reach settlement with the companies. Downey come down to $175. Mr. McLennan said, 'Boys, I can't make any proposition; all I can do is submit it.' We asked if he would submit the proposition. He said he would, so we went away like that. Mr. Downey, I don't know whether he went with us—we crawled through the barb wire fence on Austin's farm."

There was no objection in the trial court that this testimony related to an attempted compromise of the litigation. The witness was not a party to the action, and, so far as the record discloses, had no connection with any of the defendant companies. After he had testified on direct examination, it is apparent that the plaintiffs were attempting to discredit him and impeach his testimony by showing that he had previously made statements contrary thereto, but they were not attempting to establish an offer of compromise or settlement. This evidence was, therefore, proper.

No other complaint is made relative either to the instructions of the court or admission of evidence.

From an examination of the entire record, we are of the opinion that the judgment of the trial court should be, and the same is affirmed.

BRANSON, C. J., and HARRISON, PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 13 C. J. p. 168, §91; p. 170, §93; 31 Cyc. p. 366; 38 Cyc. pp. 1278, 1280, 1281. (2) 40 Cyc. pp. 2486, 2487, 2488, 2714; 28 R. C. L. p. 620, et seq.