TUCCIO *v.* SMITH.*

(Division B. Sept. 24, 1928.)

[118 So. 195. No. 27163.]

*Corpus Juris-Cyc References: Evidence, 22CJ, p. 379, n. 34.

*L. A. Whittington,* for appellant.

*Engle & Laub,* for appellee.

PACK, J. Appellee was driving a Chevrolet car, traveling west on State street in the city of Natchez. Ap-

pellant's truck was moving north on Canal street. There is proof that at the intersection of said streets the truck ran into the side of the Chevrolet car, which, at the time, had practically come to a stop. The Chevrolet car was damaged, for which this suit was brought and recovery had.

One ground of negligence relied upon to establish liability of appellant, the owner of the truck, was that the brakes were defective, rendering it difficult to keep the truck under control so as to prevent the collision. The truck, at the time, was being driven by one Standfifer.

R. L. Cloy, of the city police force, a witness for appellee, was permitted to testify, over objection, as follows:

"Q. On this occasion the brakes on Tuccio's truck were not working well? A. I did not examine it.

"Q. The driver made the statement that they were not working well? You heard the driver make the statement that his brakes were not working well? A. Yes, sir.

"Q. And that he had brought this to the attention of Mr. Tuccio sometime before? A. Yes, sir."

The condition of the brakes was a material question, probably the turning point in the case. It is not shown that these statements were made as part of the *res gestae*. This testimony was hearsay and incompetent. We think its admission was prejudicial. *I. C. R. R. Co.* v. *Ruffin* (Miss.), 3 So. 578 (not officially reported); *Moore* v. *Chicago, etc., R. R. Co.*, 59 Miss. 243; *Black* v. *Robinson*, 61 Miss. 54; *V. & M. R. R. Co.* v. *McGowan*, 62 Miss. 682, 52 Am. Rep. 205; *Simms* v. *Forbes*, 86 Miss. 412, 38 So. 546.

Under the rule announced in these cases, it follows that the judgment of the court below must be reversed and remanded.

*Reversed and remanded.*