## STANDARD ACCIDENT INS. CO. v. BAKER.

No. 19591. Opinion Filed Sept. 23, 1930.

E. C. Stanard, M. L. Hankins, and Leonard Carey, for plaintiff in error.

Saunders & Emerick and J. Knox Byrum, for defendant in error.

EAGLETON, C. Lettie E. Baker brought suit against Standard Accident Insurance Company on insurance policy for the accidental death of her husband, the assured. The policy provided for protection "against loss resulting from bodily injuries effected directly, exclusively and independently of all other cause through external, violent and accidental means. * * *" The jury returned a verdict for the plaintiff on the policy for $2 000. and judgment was entered thereon. Defendant appeals.

This case was before this court on the pleadings in Baker v. Standard Accident Ins. Co., 122 Okla. 43, 250 Pac. 787.

The insurance company urges three propositions for reversal:

(1) The erroneous admission of evidence, (2) the insufficiency of plaintiff's evidence to be submitted to the jury or to sustain the verdict. and (3) error in giving instructions and in refusing to give requested instruction. These propositions will be considered in order.

It is plaintiff's contention that assured was so mistreated and injured by hijackers that he died. It seems that he went off duty from the train on which he worked as a porter about midnight. He lived in a boxcar fixed up for him by the railroad near the station at Sayre. Within an hour thereafter the night car clerk heard a man on the platform in distress and on investigation found assured trying to hold himself up by a car on the track. He said between "gasps" "I have been hi-jacked." He was having great difficulty in breathing. Itschner, the car clerk, helped him into the station some 30 feet away. Woodcook, the conductor, saw them come in. Assured was placed on a cot. R. F. Collier, a deputy sheriff, was called from the jail. Ben Monroe, special agent for the Rock Island Railroad, was called from his home. The conductor quoted assured as saying, "The hi-jackers got me." Collier testified that he said he had been kicked around, and poked around by the hijackers with their guns, had been caused to undress and was left out in the alley, had fallen in the borrow pit; that he on investigation found footprints indicating such a situation and marks in the borrow pit indicating a man had fallen in there. Monroe testified that he heard assured make about the same statements. Assured died within an hour or two of the time it is claimed he was "hi-jacked." The question here presented is whether or not the statements made by assured are a part of the res gestae of the hi-jacking and as such admissible in evidence. Res gestae is a part of the things which is to be proved. It consists of those statements made rather by the event than about the event, those expressions which grow out of and characterize the event and not a narration of a past event or comment upon it. There is no "rule of thumb" by which such evidence is determined. Each event is governed by its own facts and circumstances. Were the statements spontaneous and instinctive, or were they premeditated and the result of the wariness of the speaker endeavoring to color the situation? The statements so admitted should be contemporaneous with the event, but time is not necessarily a controlling element or principle, it is not necessary that they be coincident in point of time.

"If they sprang out of the principal fact, tend to explain it, were voluntary and spontaneous, and made at a time so near it as to preclude the idea of deliberate design, they may be regarded as contemporaneous and are admissible in evidence." 10 R. C. L. 978.

"The question of admissibility of statements as of the res gestae should, in a great measure, be left to the determination of the trial court." Smith v. Chicago, R. I. & P. Ry. Co., 42 Okla. 577, 142 Pac. 398; Marland Refining Co. v. Snider, 120 Okla. 116, 251 Pac. 989.

This court has frequently approved the rule announced in Wigmore on Evidence, section 1750:

"There is a lamentable waste of time by Supreme Courts in here attempting either to create or to respect precedents. Instead of struggling weakly for the impossible, they should decisively insist that every case be treated upon its own circumstances. They should, if they are able, lift themselves sensibly to the even greater height of leaving the application of the principle absolutely to the determination of the trial court. Until such a beneficent result is reached, their lucubrations over the details of each case will continue to multiply the tedious reading of the profession."

In the instant case deceased was located in physical distress, he was breathing with difficulty, he said "I have been hi-jacked."

He was helped into the depot. The conductor there heard him say, "The hi-jackers got me." The special agent of the railroad and the sheriff were called. The deputy sheriff was at the jail some quarter of a mile from the station. He hastened to put his clothes on and rushed to the depot. Assured stated after he arrived how the hi-jackers had knocked and kicked him about and caused him to fall in the borrow pit nearby. The special agent testified he arrived within about 25 minutes after he was called and that he heard similar statements made. Assured continued to grow weaker after he was found and died within a short while. There seems to have been no time in which deceased was free from the oppression and excitement of the event of the hi-jacking. Physical facts supported his statements. The trial court refused to let this testimony in until he had excused the jury and gone into the matter fully. Unless the admission of the evidence is clearly erroneous, the jury is entitled to hear it and pass upon it. We do not find that the admission of these statements is clearly erroneous.

Some of the cases of this court as well as those of other jurisdictions giving consideration to the admissibility of statements as a part of the res gestae, which statements were made after the event occurred for varying periods of time, are: Smith v. Territory of Oklahoma, 11 Okla. 669, 69 Pac. 805; Coalgate Co. v. Hurst, 25 Okla. 588. 107 Pac. 657; Smith v. Chicago, R. I. & P. Ry., 42 Okla. 577, 142 Pac. 398; St. L. & S. F. Ry. Co. v. Fick, 47 Okla. 530, 149 Pac. 1126: Herring v. Hood, 55 Okla. 737, 155 Pac. 253; Marland Refining Co. v.

Snider, 120 Okla. 116, 251 Pac. 989; Eastern Torpedo of Ohio v. Shelts, 121 Okla. 129, 247 Pac. 974; Schaff v. Coyle, 121 Okla. 228, 249 Pac. 947; Travellers Ins. Co. v. Mosley, 8 Wall. 397, 19 L. Ed. 437; Walters v. Spokane International Ry. Co. (Wash.) 108 Pac. 593, 42 L. R. A. (N. S.) 917 and note; Star v. Aetna Life Ins. Co. (Wash.) 83 Pac. 113, 4 L. R. A. (N. S.) 636; R. C. L. "Evidence," sections 169, 170, 171, and 172.

There is some evidence reasonably tending to support the verdict of the jury, so it was neither error to submit the case to the jury nor to enter judgment on its verdict. Assured appeared to be in good health when he arrived in Sayre. After he was hijacked he almost immediately died. There is no medical testimony as to the cause of his death, but there seems to be a reasonable causal connection between the rough treatment he received and his death, and the jury from the evidence introduced found for the plaintiff. The plaintiff made out a prima facie case of accidental death. The jury's verdict will not be set aside because of the insufficiency of the proof introduced if there is any evidence which reasonably tends to support the verdict. The defendant was not entitled to an instructed verdict.

It is complained that instruction number 6 is not a correct statement of the law of the cause and is in conflict with instruction number 4. With this we cannot agree. It would have been proper to have included instruction number 6 in instruction number 4 for the purpose of making a comprehensive statement of the law, but they must be read together as explaining and amplifying one another, and when so read make a correct statement of the rule that the plaintiff had the burden of proof to show that assured died as the result of external, violent and accidental means without the intervention of other causes.

The cause is therefore affirmed.

HERR, HALL, DIFFENDAFFER, LEACH, and REID, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 10 R. C. L. p. 978, 986: R. C. L. Perm. Supp. p. 2801. (2) 2 R. C. L. pp. 202-204: R. C. L. Perm. Supp. pp. 376-378. (3) 14 R. C. L. p. 771: R. C. L. Perm. Supp. p. 3664; R. C. L. Continuing Perm. Supp. p. 561.