Mitchell v. The Home Insurance Co.

---

MITCHELL v. THE HOME INSURANCE COMPANY.

1. Insurance: NOTICE OF LOSS. Where a policy of fire insurance provides that the loss, if any shall occur, shall be paid within sixty days after due notice or proof thereof, the assured cannot recover in an action on the policy without showing that such stipulation has been complied with.

2. Evidence: ERROR WITHOUT PREJUDICE. The exclusion of evidence which is afterward, in the progress of the case, admitted, is error without prejudice and constitutes no sufficient ground for reversal. Nor will the exclusion of evidence which under all the facts of the case could have worked no prejudice to the party complaining.

3. Stamps: EFFECT OF OMISSION: PRIOR CASES OVERRULED. An unstamped instrument will be regarded invalid only when the omission was made with intent to evade the provisions of the federal revenue law, or to defraud the government of the stamp duty. The prior decisions of this court on the subject overruled, and that of the supreme court followed.

| | |
|---|---|
| 32 | 421 |
| 79 | 629 |
| 32 | 421 |
| 111 | 210 |
| 32 | 421 |
| 112 | 29 |
| 32 | 421 |
| e115 | 565 |
| 32 | 421 |
| e117 | 580 |
| 32 | 421 |
| e118 | 287 |
| 32 | 421 |
| 121 | 36 |
| 32 | 421 |
| 127 | 156 |
| 127 | 751 |

4. Insurance: INSURABLE INTEREST. The question as to whether the plaintiff in an action on a policy of insurance had, under the facts of the case, an insurable interest in the property, should be left to the determination of the jury under proper instructions from the court.

*Appeal from Webster Circuit Court.*

WEDNESDAY, OCTOBER 18.

ACTION upon a policy of insurance issued to Thompson & Co., and assigned to plaintiff. The policy is upon a two-story frame building, situated upon the north side of the public square in Fort Dodge, Iowa, and occupied as a paint shop. So far as the facts of the case can be gathered from the abstract submitted, they are that one G. W. Henry owned the real estate upon which the building in question was subsequently erected, and leased the same to J. E. Dain by written lease. Afterward the property was leased to Thompson & Co., by Dain it would seem, but it does not appear that Thompson & Co. obtained a written lease or assignment of the lease of Dain. Thompson & Co. caused to be erected the building in question, and, on the 5th day of October, 1869, procured a policy of insurance thereon for one year. On the 14th day of January, 1870, J. E. Dain assigned his lease of the premises to the plaintiff. On the 19th day of January, 1870, C. H. Thompson & Co. assigned all their interest in the policy to plaintiff. On the 7th of July, 1870, the building was destroyed by fire, and, on the 28th of December, 1870, plaintiff, as stated in the abstract, became owner from Thompson & Co.

The further necessary facts are disclosed in the opinion.

*John F. Duncombe* for the appellant.

*Galusha Parsons* for the appellee.

DAY, Ch. J. — The material errors alleged will be briefly considered.

I. The first error assigned is, that the court erred in not setting aside the verdict and granting a new trial for want of sufficient evidence. Appellant insists that the evidence does not show any notice given of the loss, or proof thereof; that it does not show that plaintiff ever had any insurable interest in the property destroyed; that it does not show that there ever was any consent in writing, on the policy, of the assignment from Thompson & Co. to plaintiff. We will consider these objections as presented.

1. INSURANCE: notice of loss.

1. An examination of the abstract fails to discover any notice or proof of the loss. Appellee, however, insists that the allegation of notice and proof in the petition is not, by the answer, denied. In this he is mistaken. The answer denies generally every allegation not admitted, and this one is *not* admitted. The policy contains a stipulation that the loss shall be paid within sixty days after due notice or proof thereof. Under such stipulation, the plaintiff's case is not made out without such proof. See 2 Phillips on Insurance, § 2150, and cases cited.

2. The objection that the evidence does not show that plaintiff ever had *any* insurable interest in the property is not well taken. The evidence shows that Thompson & Co. erected the building, and, by clear inference at least, that they owned it at the time of effecting the insurance. The assignment of the policy subrogated plaintiff to the right of the assured to recover the amount of loss sustained.

3. Upon the objection that the evidence does not show any consent in writing to the assignment of the policy, we are referred to the abstract where the consent is printed in full but without signature.

Appellee claims that the signature appears to the con-

sent indorsed upon the policy itself, and an examination of it shows such to be the fact.

II. The next assignment is, that the court erred in excluding certain evidence. The defendant introduced, as a witness, G. W. Henry, and after proving by him that Mitchell subleased the premises, and that he knew the purpose for which they were subleased, defendant asked, "What was that purpose?" Upon plaintiff's objection the question was excluded. Whatever error there may have been in excluding this evidence was fully removed in the further progress of the case, during which defendant, without objection, testified: "I inquired of plaintiff if the building was rented for a saloon. He said it was; I objected to having it rented for that use. Plaintiff informed me that I was, already, too late, that it was already let."

2. EVIDENCE: error without prejudice.

The same remark applies to the next question: "How are risks of insurance, upon saloons, *rated* in comparison with other risks?" which, so far as applicable to this case, was fully covered by the evidence which was admitted, "that a risk of a saloon is regarded as more hazardous than that of a paint shop." The remaining question, of the exclusion of which defendant complains, is as follows: "From your experience and knowledge, as an insurance agent, would the risk be increased or lessened by the change of occupation, from that of a paint shop to a saloon?" This question was objected to and excluded upon the ground that there had been no evidence of such change. It might well have been admitted. There was proof that the building was rented for a saloon, and that the lessees had commenced moving the ordinary accompaniments of a saloon into it. Under such circumstances, the effect of such change of use should have been left to the jury, and they should have been allowed to say whether the risk had been increased. Still, in view of the other evidence admitted, it does not seem to us that defendant was materi-

ally prejudiced by the rejection of this question, and we would not feel inclined, upon that account alone, to reverse the case.

III. It is next claimed that the court erred in admitting in evidence the assignment from Thompson & Co. to plaintiff, for the reason that the same was insufficiently stamped. In *Hugus* v. *Strickler*, 19 Iowa, 414, it was held, that when the stamp required by the revenue law is omitted, the instrument is invalid, without reference to any intent to defraud the government.

<div style="margin-left:0">

**3. STAMPS: effect of omission: prior cases overruled.**

</div>

The question, however, has recently been considered in the supreme court of the United States, and it has been held by that tribunal that the act of congress which requires promissory notes and other instruments to be stamped, only declares that they shall be deemed invalid and of no effect when the stamp is omitted with intent to evade the provisions of the act; that is, with intent to defraud the government of the stamp duty. *Campbell* v. *Wilcox*, supreme court of the United States, December Term, 1870. Western Jurist, vol. 5, page 207.

In construing the force and effect of an act of congress, the supreme court of the United States is the highest and most authoritative tribunal known to our laws, and to it other courts habitually defer. Decisions of that court on the meaning of an act of congress override those of the supreme court of a State on the same subject. See *Mc-Goon et al.* v. *Shiek*, supreme court of Illinois, Western Jurist, vol. 5, 163 (166). The decision cited is in conflict with the former decisions of this court, and must be regarded as declaring the law applicable to this case.

As it does not appear that there was any fraudulent intent in the omission to properly stamp the assignment referred to, it follows that the court did not err in admitting it in evidence.

IV. Under the fourth assignment of errors it is claimed that " the court erred in not setting aside the verdict and granting a new trial, because the lease made by H. W. Henry to Dain was never assigned to C. H. Thompson & Co., and when the property was insured there is no evidence that C. H. Thompson & Co. had any interest whatever in it." It must be borne in mind that the insurance was effected upon the building alone, and that this was erected by Thompson & Co., and was their property without reference to the nature or extent of their interest in the real estate. And this remark equally applies to the next objection under this assignment, that " if C. H. Thompson & Co. had any interest in the property insured, when insured, it was a leasehold interest, and was not disclosed at the time of the insurance, as required by the terms of the policy."

*4. INSURANCE: insurable interest.*

Under this assignment it is next urged that the court erred in instructing the jury.

1. That " the plaintiff had an insurable interest in the property."

2. That " the plaintiff is entitled to your verdict, unless he increased or permitted the risk to be increased beyond that which was assumed by the defendant when it insured the building." The first instruction is not strictly correct, as the plaintiff had no interest in the building at the time of the insurance, and had acquired none at the time of the loss. It was probably the intention of the court to charge that Thompson & Co., the assured, had an insurable interest. And even this instruction is of doubtful propriety. The proper course is to leave the question of interest to be determined as a fact by the jury under proper instructions.

For the errors above named, the judgment must be reversed and the cause remanded.

Reversed.