BROWN v. SCOTT.

*Appeal from Linn District Court — Thursday, February 22.*

TAX SALE AND DEED: STAMPS.

</div>

ORDINARY action for the recovery of real property, the north-west of the south-east, and the north-east of the south-west of section twenty-one, township eighty-five north, of range five west. Answer in denial, and also averring that defendant is the owner in fee simple of the land sued for. Trial to the court. Judgment for defendant. Plaintiff appeals.

*J. B. Young* for the appellant — *Thomas Corbett* and *E. Latham* for the appellee.

COLE J.— It was admitted, on the trial, that the plaintiff purchased the land of the United States and had never sold it. This was all of plaintiff's case. It was then further admitted that the defendant was in possession of the lands in controversy; had made improvements thereon; that he claimed under a treasurer's deed made under a sale for the taxes of 1863, and had paid the taxes thereon for the six successive years thereafter. The validity of the tax deed or of the prior proceedings relating thereto is not admitted. The defendant then introduced his tax deed, which is regular on its face and in strict compliance with the statutes. The defendant then offered in evidence the assessment book for 1863, for the township in which the land is situated, showing a regular assessment of the land for that year; the book does not show the name of the assessor nor that he was sworn. The plaintiff objected to its introduction in evidence; but admitted that it was the only assessment book for that township for that year; that the tax list was made from it, and that it was in and came from the proper custody. The facts thus admitted tended to show that the book was the veritable assessment book, and the assessor's oath should properly be on his bond, and not on the book. Rev., § 729. It was not error, therefore, to receive it in evidence.

The tax book or tax list for 1863, was offered in evidence, with a like objection. The treasurer was permitted to testify that it was the tax book for that year, and thereupon it was received in evidence. That this testimony was proper, and the tax book rightfully received, seems to us to scarcely admit of a doubt. The tax sale was not made to this defendant, but to another, to whom the certificate of sale was made; that certificate was assigned to this defendant, but there was no revenue stamp affixed to the assignment, and this is made the ground of another objection by plaintiff. We do not understand that a stamp was necessary, but even if it was, in the absence of all showing as to any intent to evade the law, the objection is not tenable. *Mitchell* v. *Home Ins. Co.* (32 Iowa, 421), 5 West. Jur. p. 534.

But, further than this, the tax deed being regular on its face, and in accordance with the statute, was itself evidence of all the facts sought to be proved by the other evidence offered, and hence, even if there was error in admitting such evidence, it was error without prejudice, since the tax deed itself was evidence of the defendant's title. *McCready* v. *Sexton*, 29 Iowa, 357. We see no possible escape under our statute, however anxious we may be to find one, from the conclusion that the judgment for the defendant must be

Affirmed.