MORGAN v. GRAHAM *et al.*

1. **Conveyance: AFTER-ACQUIRED TITLE.** The rule under our statute (Rev., § 2210) that where a deed conveys a greater interest than the grantor at the time possesses, an after-acquired title inures to the benefit of his grantee, is subject to an exception where such grantor executes to *his* grantor a mortgage to secure a part of the purchase-money on the premises subsequently conveyed by the latter to the former.

2. —— **RULE APPLIED.** It was accordingly *held,* where A executed a deed of conveyance for premises, to which he then had no title, to B, and A afterward purchased and received a deed for the premises from C, the owner, and executed back to him a mortgage thereon to secure a part of the purchase-money, that the rights of C under his mortgage were not affected by the prior conveyance from A to B.

3. **Stamps: EFFECT OF OMISSION.** The case of *Mitchell* v. *The Home Ins. Co.,* 32 Iowa, 421, holding that an instrument is not invalid for want of a stamp unless the omission was with a fraudulent intent, followed

*Appeal from Dallas Circuit Court.*

THURSDAY, OCTOBER 23.

ACTION upon a note for $531, and for the foreclosure of a mortgage executed to secure the same. B. Grayson owned the land included in the mortgage, and authorized F. S. Graham to sell it, so as to realize $6 per acre net, amounting to $1,062 for the entire tract.

On the 19th day of July, 1869, F. S. Graham sold the land to Michael Murdock as guardian of certain of the defendants, for $1,182, and executed to him a deed therefor. He received $300 in hand, a note for $391, due August 9, 1869, and one for $591, due July 19, 1870, both secured by mortgage upon the land.

Two days after effecting this sale, Graham wrote to Grayson that he would take the land at $6 per acre, pay one-half down, and the balance in one year, with ten per cent interest secured by mortgage on the land.

Grayson accepted this proposition, and, on the 26th day of July, he mailed to Graham, from Fort Dodge, a deed for the land. It would take three or four days, in the ordinary course of mail, for this deed to reach Graham at Adel, where he resided.

This deed was filed for record August 5, 1869. On the 3d day of August, 1869, Graham executed the mortgage now sued on, filed it for record August 5th, and mailed it and the note which it secures, to Grayson, August 22d. At the time of his purchase Murdock lived in Ohio. He had no knowledge of the mortgage of Graham to Grayson, until after the institution of this suit.

July 31, 1869, he paid Graham the first note, and August 14, 1869, he paid the last note executed by him on the purchase of the land. Morgan, the plaintiff, is now the owner of the note and mortgage executed to Grayson. He asks the foreclosure of the mortgage, and that the

same be declared a lien upon the land in the hands of Murdock. The court granted this relief. The defendant Murdock appeals.

*E. Willard* for the appellant.

*Duncombe, Morgan & Wooden* for the appellee.

DAY, J.— I. It is claimed by appellant that Graham, at the time of making the mortgage to Grayson, had no estate in the land ; that *eo instanti* of the conveyance to him, the title inured to the benefit of his grantee, Murdock, and that the mortgage sued on never became a lien on the land.

1. CONVEYANCE: after-acquired title.

That, where a deed purports to convey a greater interest than the grantor possesses, an after-acquired title inures to the benefit of his grantee is a positive provision of our statute. Rev., § 2210.

And, ordinarily, it must be true, that this title passes upon the instant that it is made to the one who has already executed a conveyance; for, as it inures to the benefit of his grantee, it may as well do so at the instant of its execution, as at any subsequent time, and, if it does not so operate then, it would usually be difficult to fix upon any other date, when this result takes place.

And yet, we apprehend, that this rule must admit of some exception. Otherwise the owner of property could not sell on a partial credit, to one who had assumed to execute a deed upon his property, and take from him a mortgage to secure the unpaid purchase-money, which would be of any validity. Absolute dominion is one of the essentials of perfect ownership.

This implies the ability to sell, to any one who may want to buy, upon such terms as may be agreed upon. But if one, by executing a conveyance upon the property of another, deprives that other of the ability to safely sell to him on a partial credit, no matter how anxious one may

be to sell and the other to buy on such terms, it is apparent that the absolute dominion of the owner is impaired, and the value of his property is lessened.

It must therefore, we think, be conceded, that the owner of property may convey to one who has already executed a conveyance of the same, and immediately take back a mortgage to secure a part or all the purchase-money, which will be effectual. But this he could not do, if the rule contended for by appellant applies without exception, and the conveyance immediately inures to the benefit of the grantee of this purchaser.

The rule must be reasonably construed, so as to effectuate, and not so as to defeat the purposes of justice. If the title may abide in the grantee an instant, so as to be operated upon by a mortgage to secure the purchase-money, we know of no reason why it may not so rest for a longer time, if such be necessary to effectuate the intention of the parties, and no rights of innocent parties have intervened. Indeed, it seems to us that the intention of the parties, and the question whether intermediate the deed and the mortgage innocent third parties have acquired rights, are entitled to more consideration than the mere length of time intervening between the deed and mortgage. Such a construction works no hardship upon the first purchaser. At the time of his purchase his grantor had no title. By the acquisition of such title alone can his own be made complete. As he is dependent upon a conveyance to his grantor, from the real owner, for the perfection of his title, he ought to be bound by the conditions exacted by such owner. Indeed, so long as he does not change his condition, in consequence of the conveyance to his grantor, it seems reasonable that the title should inure to him subject to all the conditions and equities which attach to it in the hands of the grantor.

The deed from Grayson to Graham was executed and mailed on the 26th of July. When it was received by

Morgan v. Graham.

Graham is not definitely shown. The evidence shows that it would take three or four days in the ordinary course of mail to reach him. It was filed for record on the 5th day of August. It was before understood by both parties that a mortgage should be executed to secure the unpaid purchase-money. Pursuant to this agreement, Graham, on the 3d day of August, executed this mortgage. He filed the same for record on the same day that the deed to him was filed. More than two weeks before, he had sold the land to Murdock. Intermediate the receipt of the deed and the filing of the mortgage for record, Murdock had in no respect changed his condition to his prejudice. Nine days after the filing of the mortgage for record, he paid Graham the last note, amounting to more than the sum secured by the mortgage in suit. Under these circumstances, every principle of equity favors the plaintiff's claim, and if he is to be defeated at all, it is simply because of the technical rule of law, that a conveyance to one who has already attempted to grant away the estate conveyed inures *eo instanti* to the benefit of his grantee. That the rule is not without exception, and that the present case is a proper one for the recognition of such exception, we think we have shown. In our opinion, the court did not err in foreclosing the mortgage against Murdock.

II. The introduction in evidence of the mortgage was objected to upon the ground of the insufficiency of the stamp. In *Mitchell* v. *The Home Ins. Co.*, 32 Iowa, 421, it was held that an instrument is not invalid for want of a stamp, unless it was omitted with a fraudulent intent.

3. STAMPS: effect of omission.

Such fraudulent intent is not, in our opinion, disclosed by the evidence.

Affirmed.