## HOME INS. CO. OF NEW YORK v. COKER.

No. 3681.   Opinion Filed July 14, 1914.

Rehearing Denied August 25, 1914.

Second Petition for Rehearing Denied September 8, 1914.

(142 Pac. 1195.)

1. INSURANCE—Construction of Policy—Change of Interest—Leasehold. Record examined and held: (1) That there was no such change in the title or interest as to constitute a violation of the clause of the policy which provides in effect that, in case any change shall take place in the title or interest or possession of the property insured, the policy shall be null and void; (2) that the interest of the assured was a leasehold; (3) that such interest is insurable.

2. SAME—Fire Policy—"Insurable Interest." Any legal or equitable estate, or any right which may be prejudicially affected, or any liability which may be brought into operation, by a fire, will confer an insurable interest.

(Syllabus by the Court.)

*Error from County Court, Comanche County;*
*James H. Wolverton, Judge.*

Action by J. E. Coker against the Home Insurance Company of New York. Judgment for plaintiff, and defendant brings error. Affirmed.

*Scothorn, Caldwell & McRill,* for plaintiff in error.

*Stevens & Myers,* for defendant in error.

KANE, C. J. This was an action on a fire insurance policy, commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below. Upon trial to the court, there was judgment in favor of the plaintiff in the sum of $250, to reverse which this proceeding in error was commenced.

It is contended, on the part of the plaintiff in error, that there is no evidence tending to support the judgment of the court below, (1) because the evidence shows such change in the title

or interest of the assured as to constitute a violation of a certain clause of the policy which provides in effect that, in case any change shall take place in the title or interest or possession of the property insured, the policy shall be null and void; (2) that, at the time the fire occurred, the assured had no insurable interest in the property destroyed. We are unable to agree with counsel for plaintiff in error. It seems that the house destroyed was erected upon an Indian allotment by the assured, pursuant to the terms of a certain lease, which had been duly assigned to him within two or three months prior to the date of its expiration. The lease contained the following provision:

"That he (the lessee) will not remove therefrom any houses, buildings, fences, or other improvements erected thereon during the time for which said land is hereby leased by him, but said houses, buildings, fences or other improvements shall remain a part of said land and become the property of the party of the first part as a portion of the consideration for this lease in addition to the other considerations herein named, and that he will surrender and return said land and premises at the expiration of this lease in as good condition as when received, ordinary wear and tear in the proper use of the same for the purpose herein indicated and unavoidable accidents excepted."

This lease was in force and the assured was in possession of the premises thereunder at the time the policy of insurance was written. The lessee was bound to surrender the premises on January 1, 1910, with the buildings thereon. The uncontradicted evidence shows that an application for a renewal of the lease had been made by the assured prior to the issuance of the policy, and that said renewal was granted, and that, immediately upon the expiration of the first lease, the new lease, containing a provision identical in effect with the one above quoted from the old lease, became effective. Taking the new lease, counsel contend, wrought the change in title which made the policy void. They say in their brief:

"Under the foregoing state of facts, it is undisputed that, during the period for which the policy of insurance was issued, the interest of the assured changed from that of owner to that of a mere tenant. On January 1, 1910, the building insured be-

came the property of another, and, at the time the building was destroyed, the assured had no title or interest therein; the same being the property of the Indian lessor."

We do not think there was any change of title. The assured never was the unqualified owner of the house. It was erected pursuant to the terms of the first lease, and the clause above quoted, which was contained in both leases, fully defines his interest therein. He had the right of occupancy and use of the entire premises under both leases for the period covered by their terms under exactly the same conditions. It was a leasehold interest in both cases. Discussing the question of insurable interest, the author of Richards on the Law of Insurance, sec. 25, says:

"The question, What constitutes an insurable interest? though important, is not of as much practical consequence as the amount of case law relating to it would indicate. As before shown, the contract of insurance is in general construed to be a contract of indemnity; therefore, in case of losses to property, recovery must usually be limited to damage actually sustained. Persons who have no real pecuniary interest in property to protect seldom go to the fruitless expense of taking insurance upon it. It may be stated generally that any legal or equitable estate, or any right which may be prejudicially affected, or any liability which may be brought into operation, by a fire, will confer an insurable interest. Nor is an insurable interest disturbed by reason of the fact that sources of identification are available to the insured independent of his policy? A defeasible interest is insurable, as also is a contingent, or inchoate, or impartial interest."

To the question contained in the written application for insurance, signed by the assured, "What title has applicant to these premises?" the answer is, "Indian lease, three years yet to run." This was as definite a statement of the nature of plaintiff's title as it was possible to briefly make. The policy issued upon this application presumably intended to cover such interest in the building as the insured had. It is true that this was a leasehold only, but it was an insurable interest. *Philadelphia Tool Co. v. British-America Assur. Co.*, 132 Pa. 236, 19 Atl. 77, 19 Am.

St. Rep. 596; *Berry v. American Central Ins. Co.,* 132 N. Y. 49, 30 N. E. 254; *Home Ins. Co. v. Mendenhall,* 164 Ill. 458, 45 N. E. 1078, 36 L. R. A. 374; *Mitchell v. Home Ins. Co.,* 32 Iowa, 421.

Finding no reversible error in the record, the judgment of the court below is affirmed.

All the Justices concur.