## CHADD v. De FLORIN et al.

No. 27321. June 22, 1937.

C. F. Green, for plaintiff in error.

Hatcher & Hatcher and S. F. Brown, for defendants in error.

CORN, J. This action was commenced in the district court in and for Pontotoc county, the purpose of which was to quiet the title in numerous persons mentioned in the petition according to their respective interests therein, and to determine the heirship of a decedent interested in a tract of land consisting of 10.06 acres situated in said county. The defendant, Jerome S. Chadd, filed an answer and cross-petition asserting title by prescription, and praying that the title to the premises be quieted in him. To this the plaintiff filed a reply of general denial, specifically pleading the statute of frauds, but before going to trial withdrew the latter plea, thereby joining the issues by the general denial set out in the reply. The reply was filed October 21, 1935, and the case was set for trial on November 1, 1935, just ten days after the filing of the reply.

The defendant, Jerome S. Chadd, filed a motion to strike the case from the assignment, alleging as ground therefor that the pleadings had not been settled as provided by the statutes for a sufficient length of time to entitle the plaintiff to a trial of the cause. Said motion was overruled and the cause proceeded to trial to the jury. At the close of the evidence of the defendant the court sustained a demurrer of plaintiff to defendant's evidence and directed a verdict for plaintiff quieting the title in the plaintiff and the other record claimants 'and determining heirship, and barring the prescriptive claim of the defendant, Jerome S. Chadd. The parties will be referred to as they appeared in the trial court.

The defendant presents but one proposition:

"That the court erred in causing defendant, Chadd, to go to trial in said cause prior to the expiration of 10 days after the pleadings in said cause had been made up and settled."

The defendant further states with reference to the purpose of his appeal, as follows:

"This appeal is for the sole purpose of testing the correctness of the court's ruling upon said motion to strike said cause from the trial assignment."

And again he states:

"We are not bringing this appeal to this court upon any other theory than that the trial court committed reversible error in placing defendant to trial prior to the expiration of 10 days after the pleadings had been settled. therefore, we do not think it necessary to set forth the evidence taken at the trial, as the evidence upon the merits has nothing to do with our allegations of error."

Section 395, O. S. 1931, provides:

"Actions shall be triable at first term of court, after or during which the issues therein, by the time fixed for pleading are, or shall have been made up. When the issues are made up, or when the defendant has failed to plead within the 'time fixed, the cause shall be placed on the trial docket, and if it be a trial case shall stand for trial at such term ten days after the issues are made up, and shall, in case of default, stand for trial forthwith. When any demurrer shall be adjudged to be frivolous the cause shall stand for hearing or trial in like manner as if an issue of fact had been joined in the first instance."

It appears that the defendant filed his motion to strike the case from the trial docket on the 9th day after the reply to his answer and cross-petition was filed, and the motion was heard the next day. When

the motion came on for hearing the new matter was withdrawn and stricken from the reply, thereby leaving only a general denial.

In the case of Texas Co. et al. v. Yell et al., 128 Okla. 102, 261 P. 549, this court said:

"It is well established, by a long line of decisions of this court, that the filing of a reply in the form of a general denial does not raise any new issue, nor is it cause for a continuance under the provisions of the statutes that actions shall not be set for trial before the expiration of ten days after the issues are made up."

The defendant having shown no sufficient grounds for the reversal of the judgment nor any prejudice by the action of the court, the judgment of the trial court is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY. BUSBY, WELCH, GIBSON, and HURST, JJ., concur. PHELPS, J., absent.