MILNER v. BUCKMASTER et al.

No. 34041.   June 19, 1951.

*232 P. 2d 636.*

Jess L. Pullen, Oklahoma City, and Chester E. Bender, Thomas, for plaintiff in error.

Darnell & Gibson and Meacham, Meacham, Meacham & Meacham, Clinton, for defendants in error.

HALLEY, J. The parties occupy the same positions here as in the lower court and will be referred to as there, or by name.

A number of enterprising citizens of the town of Butler, Custer county, Oklahoma, decided that they would promote a rodeo in that town on the 4th day of August, 1946. The plaintiff alleged in his petition that the defendants were the owners and keepers of a Brahma bull, which they hired out to rodeo promoters to be used in the rodeo, and that this particular Brahma bull was a vicious and dangerous animal. That after this bull had been used in the rodeo on the above mentioned day, they were attempting to load him into the trailer in which the rodeo stock was brought to the rodeo, and he broke loose and got away and ran through the town of Butler. That the plaintiff was lying in the yard of a neighbor, and as the bull approached, somebody yelled at the plaintiff in warning, and he started to rise, whereupon the bull attacked him, seriously injuring the plaintiff. The defendants answered by way of general denial and denied specifically the allegations of agency. The case was tried to a jury and evidence offered by the plaintiff. He was unable to establish definitely the ownership of this particular animal that injured him, and neither was he able to establish negligence on the part of the defendants or their servants in the handling of the animal, and he was never able to establish that either of the defendants or their servants were present at the rodeo. The trial court, however, overruled the demurrers of the defendants to the evidence and permitted the case to go to the jury with no exceptions taken to the instructions, and a verdict was returned for the defendants.

The plaintiff has appealed, and the only question that he has argued in his brief, boiled down to its simplest form, is that there was not sufficient evidence to support the verdict. The record shows that the plaintiff did not file a demurrer to the evidence or move

for a directed verdict. We have held numerous times that in a law action the question of sufficiency of the evidence to support the verdict is not properly presented to this court for review when the losing and appealing party did not file a demurrer to the evidence or move for a directed verdict. Sheppard v. Gaddy, 202 Okla. 489, 215 P. 2d 827; Key et ux. v. British American Oil Producing Co., 196 Okla. 663, 167 P. 2d 657; Wilhite v. Brin, 178 Okla. 339, 62 P. 2d 1240; Holland Banking Co. v. Dix, 67 Okla. 328, 170 P. 253.

The judgment of the trial court is affirmed.

ARNOLD, C.J., LUTTRELL, V.C.J., and CORN, GIBSON, DAVISON, and JOHNSON, JJ., concur. O'NEAL, J., concurs in conclusion.