**SHULTZ v. DILLARD.**

No. 35699.

Supreme Court of Oklahoma.

Oct. 13, 1953.

William B. Shultz, Melton, McElroy & Vaughn, Chickasha, for plaintiff in error.

Hatcher & Bond, Chickasha, for defendant in error.

CORN, Justice.

In Chickasha, Oklahoma, Grand Avenue runs east and west, while 17th Street is a boulevard which bisects the campus of the Oklahoma College for Women from north to south, and forms a T intersection with no opening to the south on Grand Avenue at this point. The boulevard is composed of two 16-foot driveways, separated by a boulevard strip approximately 34 feet in width, the south end of which ends in a U-shaped curb slightly over 17 feet from the north curb line of Grand Avenue. Southbound traffic on 17th Street proceeds along the right-hand, or west pavement, and can turn back to the northbound or east pavement by a U turn at the end of the boulevard, without having to enter the Grand Avenue intersection. A stop sign on the west side of 17th Street halts southbound traffic before its enters Grand Avenue.

The plaintiff owns and operates city buses which traverse the above mentioned streets on their regular runs. On the morning of December 31, 1950, one of plaintiff's buses on a regular run came south on 17th Street and in making the U turn to go back north on 17th Street along the route pulled out into the Grand Avenue intersection. This bus was 27 feet long and required a turning radius of 24 feet. The defendant was traveling east in his car on Grand Avenue and, as he pulled even with the left rear of the bus in order to pass the bus started turning back north and a collision occurred between the two vehicles, severely damaging both.

Plaintiff's amended petition alleged the accident was caused by defendant's negligence and want of care in operation of his car, and sought to recover damages ($589.66) for injury to the bus.

Defendant answered by general denial, and by cross petition alleged the accident resulted solely by plaintiff's negligence, and asked judgment against plaintiff for $400, for damages to his own automobile.

Trial of the issues to a jury resulted in a verdict in favor of defendant upon his cross petition for $150, upon which verdict the judgment appealed from was rendered.

The assignment of error urged by plaintiff for reversal of the judgment are presented under two propositions, the first of which is that the trial court erred in overruling plaintiff's demurrer to defendant's evidence in support of the cross petition.

Under this record it is unnecessary to summarize the evidence or consider the propriety of the trial court's ruling upon plaintiff's demurrer directed at the alleged insufficiency thereof. At the trial, upon defendant's having rested, the plaintiff demurred to the evidence as insufficient to establish the existence of negligence on plaintiff's part. This demurrer was overruled. Thereupon plaintiff called two witnesses who gave rebuttal testimony in behalf of plaintiff, at the conclusion of which plaintiff rested. Thereupon defendant moved the court to direct a verdict in defendant's favor, but plaintiff made no effort either to renew his demurrer, or to ask the court for a directed verdict in his favor.

The settled rule in this jurisdiction is that any objection to a verdict upon grounds of insufficiency of the evidence to support such verdict cannot be urged upon appeal by a party who has failed to move for a directed verdict at the close of all the evidence. Milner v. Buckmaster, 204 Okl. 622, 232 P.2d 636; Lewis v. Boice, 205 Okl. 189, 236 P.2d 258. And, such rule applies even though the alleged insufficiency of the evidence is assigned as grounds for the motion for new trial. Wagnon v. Shoptaw, 161 Okl. 291, 18 P. 2d 868.

Although plaintiff demurred to the defendant's evidence in support of the cross petition, he saw fit to offer rebuttal testimony, but failed to renew the attack upon the question of the sufficiency of the evidence. Under such circumstances the complaint concerning the alleged insufficiency of the evidence to sustain this verdict cannot be considered on appeal.

The second contention urged for reversal of this judgment is that the trial court erred in giving the following instruction, No. 11, to the jury.

"The Court further instructs the jury that the Statutes of the State of Oklahoma provide: 'No person shall start a vehicle from a stopped position until and unless such movement can be made with reasonable safety.'

"And the Statutes further provide: 'That no person shall turn a vehicle at any intersection unless the vehicle is in a proper position upon the highway. The driver of a vehicle intending to turn at an intersection, approaching for a left turn shall be made at that portion of the right half of the roadway nearest to center thereof, and after entering the intersection the left turn shall be made so as to leave the intersection to the right of the center of the roadway being entered,' and the Statutes further provide: 'A signal of intention to turn right or left shall be given continuously during not less that the last 100 feet traveled by the vehicle before turning', and the Statutes further provide: 'Any stop or turn signal, when required herein, shall be given either by means of hand and arm or by a signal lamp or lamps or mechanical device of the type approved by the Department of Public Safety,' and you are further instructed in this connection, gentlemen, that if you find and believe from the evidence that the employee of the plaintiff violated any or all of the above and foregoing sections of the Statutes that the violation of the same would be negligence in itself and should you further find and believe that such negligence was the direct cause or the proximate cause of the defendant's damage, then the law would be for the defendant and you should so find."

Evidently the trial court intended this instruction to embody the provisions of our statute, 47 O.S.1951 § 121.5, which defines the duties and responsibilities of operators of motor vehicles when executing turns upon the public streets and highways. Plaintiff points to the court's omission from the instruction of the words "when required" as used in the statute, and urges that the effect of the statute is to require giving of a signal only for the benefit of those in front of or directly behind a vehicle intending to turn. Under plaintiff's interpretation of the evidence relating to the physical facts surrounding this accident he properly could not have been required to give a turning signal (in compliance with the terms of the instruction) since the physical facts established that defendant, approaching the intersection from the west, could not have seen such a signal. Thus defendant argues that by advising the jury plaintiff's failure to give a signal constituted negligence the court imposed a burden over and above that required by the statute, and thereby prejudicially instructed the jury to plaintiff's disadvantage.

Without consideration of the matter as to the technical sufficiency of the questioned instruction, we are of the opinion plaintiff's contention is untenable for the following reason.

Defendant's evidence was that the bus did not turn at the end of 17th Street boulevard, but was traveling toward the east on Grand Avenue and then attempted to execute a quick turn to the left without giving any signal of such intention. The evidence relative to the point of the impact and the position of the two vehicles after the collision bear out the defendant's theory as to the manner in which the accident occurred. Further, while this instruction pointed out that violation of the statute would be negligence, the jury was advised it was necessary to find that such negligence was the proximate cause of the accident before plaintiff could be held liable therefor.

Slight deficiencies in a trial court's instructions do not constitute reversible error where no fundamental error is shown and it does not appear that the jury was misled by the instructions. Norton-Johnson Buick Co. v. Lindley, 173 Okl. 93, 46 P.2d 525. Also see Reinhart & Donovan Co. v. Williamson, 191 Okl. 539, 131 P.2d 765, announcing the test applicable for determining whether reversible error is present in connection with a given instruction. The following statement from Drum Standish Commission Co. v. First National Bank & Trust Co. of Oklahoma City, 168

Okl. 400, 31 P.2d 843, 850, is peculiarly applicable to the matters urged here. Therein we said:

"Instructions of a trial court must be viewed in the light of the particular evidence upon which they operate, and the question of whether an inaccurate statement of law in an instruction in a given case constitutes prejudicial error depends 'quite as much on the evidence before the jury * * * as upon the abstract accuracy of the language of the instruction.' Big Jack Mining Co., v. Parkinson, 41 Okl. 125, 137 P. 678, 682."

Judgment affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, DAVISON, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.