**OKLAHOMA STATE UNION OF THE FARMERS' EDUCATIONAL AND CO-OPERATIVE UNION OF AMERICA, Plaintiff in Error,**

v.

**George D. FOLSOM, Defendant in Error. No. 37747.**

Supreme Court of Oklahoma.

April 23, 1958.

Rehearing Denied May 20, 1958.

Application for Leave to File Second Petition for Rehearing Denied June 10, 1958.

Wm. M. Franklin, Oklahoma City, for plaintiff in error.

Wayne Russell, Wilburton, for defendant in error.

JACKSON, Justice.

This is an action on a fire insurance policy commenced by George D. Folsom. The jury returned a verdict awarding plaintiff $2995.00 and defendant, Fire In-

surance Company, appeals from the judgment entered thereon.

Some of the policy provisions discussed herein appear to conflict with the standard fire policy form prescribed by 36 O.S.1951 § 244.1. The Insurance Code enacted by the Legislature in 1957, specifically exempts Farmers Mutual Fire Insurance Associations from the General Insurance Laws of the State. 36 O.S.1957 Supp. § 2813. While the provisions of the former code (which govern in the instant case) are not so clear in this respect, it is apparently conceded by the parties that the policy is not limited by or subject to the standard policy provisions prescribed by 36 O.S. 1951 § 244.1.

The property insured and destroyed by fire was an out-building constructed by plaintiff on premises which he occupied.

Defendant presented numerous assignments of error and makes numerous contentions in its brief, but the only meritorious contentions relate to the trial court's alleged failure to instruct the jury on the fundamental issues formed by the pleadings and the evidence. This alleged error was sufficiently presented in the motion for new trial and petition in error.

■ Defendant requested no instructions but we have repeatedly held that it is the duty of the trial court to instruct on fundamental issues raised by the pleadings and the evidence, even though no instruction is requested. Petty v. Frank, 194 Okl. 382, 151 P.2d 926; Fisher v. Sturgeon, 205 Okl. 44, 234 P.2d 375.

Insofar as discussed in defendant's brief, it is our opinion that the trial court failed to instruct on only one fundamental issue.

■ The insurance policy contains a provision limiting recovery for loss to vacant buildings to two-thirds of the amount that would be recoverable otherwise. Defendant alleged in its answer that the insured building was vacant at the time of the loss, and there was some evidence to support such allegation. Failure to instruct on this issue was reversible error. However, this does not necessarily require a new trial. We are justified in assuming that had the jury been instructed on this issue the verdict would have been no less than two-thirds of the amount awarded. Therefore, we deem it proper to affirm the judgment upon condition that plaintiff file a remittitur of $998.33; otherwise the cause will be reversed for a new trial.

In view of defendant's insistence upon a complete reversal, we must consider its further arguments.

■ Plaintiff did not own the real property on which he erected subject building. The evidence does not disclose the exact nature of his occupancy, but it does disclose an insurable interest in plaintiff in that he at least had a temporary right of occupancy and was in possession at all times involved herein. See 29 Am.Jur. Insurance § 322, and Home Ins. Co. of New York v. Coker, 43 Okl. 331, 142 P. 1195. Therefore, contrary to defendant's contention, the trial court was not obligated to instruct the jury as to the effect of plaintiff's lack of ownership of the real estate inasmuch as no issue was formed as to any possible reduction in value of plaintiff's insurable interest by virtue of the fact that he did not have absolute ownership of the building. Defendant merely contended that such lack of ownership negatived any possibility of an insurable interest in the plaintiff.

■ Defendant argues that plaintiff insured the property as a barn when it was in fact a brooder house, which would have required a higher premium, and that, therefore, the court should have specifically instructed the jury that this would constitute fraud. There was no evidence that the building was being used as a brooder house at the time of the application for insurance. There is evidence that it was not equipped as a brooder house at that time.

■ The property was mortgaged and a standard mortgage endorsement issued to the mortgagee. Defendant contends that the court erred in overruling his motion to make the mortgagee a party.

Defendant admits that a standard mortgage clause creates a separate contract of insurance in favor of the mortgagee, which cannot be defeated by any acts of the insured. Fidelity-Phenix Fire Ins. Co. v. Cleveland, 57 Okl. 237, 156 P. 638. But defendant insists that if the policy is void ab initio, as would be the case if the insured had no insurable interest, then the mortgagee's rights also fail, and therefore the mortgagee was a necessary party. In Western Assur. Co. v. Hughes, 179 Okl. 254, 66 P.2d 1056, we held that the mortgagee's contract was completely independent of the insured's rights and would be valid even though the insurance policy was void ab initio. This being true, the only purpose of requiring the mortgagee to be a party would be to prevent the possibility of a double recovery. Plaintiff stipulated that any sums recovered by him could be paid to the mortgagee as payments on the judgment; therefore, defendant was adequately protected in this regard. In our opinion the court did not abuse its discretion in overruling said motion.

■ Defendant contends that the court erred in permitting plaintiff to file a reply on the day of trial. The reply was in the form of a general denial; therefore, this could not have been prejudicial to defendant and was not an abuse of discretion. Chadd v. De Florin, 180 Okl. 356, 69 P.2d 323; Derry v. State ex rel. Walcott, 109 Okl. 244, 235 P. 158.

■ Many of defendant's arguments are based upon the alleged insufficiency of the evidence to support the verdict. Defendant neither demurred to the evidence nor moved for a directed verdict; therefore, we cannot review the evidence. Milner v. Buckmaster, ·204 Okl. 622, 232 P. 2d 636.

The other contentions advanced by defendant have been examined and carefully considered. We find no merit therein.

The judgment is reversed and remanded for a new trial, unless, within ten (10) days from the issuance of the mandate herein, plaintiff files a remittitur in said court of $998.33, in which event the trial court's judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and DAVISON, HALLEY, JOHNSON, WILLIAMS and BLACKBIRD, JJ., concur.

CARLILE, J., dissents.