FRISBY *v.* CENTRAL MUTUAL INSURANCE COMPANY.

No. 41473     April ·11, 1960     119 So. 2d 382

*Taylor & Biggers,* Greenville; *Creekmore & Beachma,* Jackson, for appellant.

*Farish, Keady & Campbell,* Greenville; *Watkins & Eager,* Jackson, for appellee.

McGEHEE, C. J.

This is an appeal by Dr. Noble R. Frisby from an adverse judgment rendered in favor of the appellee, Central Mutual Insurance Company, by a jury in the County Court of Washington County, which was appealed to and affirmed by the Circuit Court of said county.

The lawsuit involves an insurance policy in the sum of $2,500, issued on February 12, 1957, covering a "building occupied as grocery."

■■ ■ Dr. Frisby had purchased the property in July 1953 and had sold the same to Lexie and Cordye Forrester on July 26, 1957, for the sum of $5,500. $500 was paid on the purchase price and a note and deed of trust was given by the Forresters for the benefit of Dr. Frisby for the balance due. The policy involved as originally issued showed Dr. Frisby as the insured, but the same was later endorsed so as to insert the names of the Forresters as the insured and Dr. Frisby as the mortgagee. The insured premises, although described as being occupied as a grocery, were in fact intended to be used and were used as a night club where illegal whiskey and gambling operations were conducted, and where dancing was carried on and beer, etc., sold and "skin ball" games played three times a week.

The place was opened only in the late afternoon and generally closed about midnight, and the proof clearly showed that it was not operated as a grocery store at all. There was a little house on the outside where packaged goods were kept and sold.

The proof further disclosed that Dr. Frisby was a frequent visitor to this place through a year prior to its loss by fire, and the jury was warranted in believing from all the facts and circumstances that he knew that the place was not being operated as a grocery store but as a a"juke joint." The mortgage clause in the policy contains this language: "Loss or damage, if any, under this policy, shall be payable to * * * mortgagee, as interest may appear, and this insurance as to the interest of the mortgagee * * * shall not be invalidated by any act or neglect of the mortgagor or owner * * * nor by the occupation of the premises for purposes more hazardous than are permitted by this policy * * *.

"Provided, also that the mortgagee * * * shall notify this Company of any change of ownership or occupancy or increase in hazard which shall come to the knowledge of said mortgagee * * * and, unless permitted by this policy, it shall be noted thereon and the mortgagee * * * shall on demand pay the premium for such increased hazard for the term of the use thereof; otherwise this policy shall be null and void."

It is universally accepted that the question whether the sale of intoxicating liquors and related activities constitute an increase in hazards is properly a question for determination by the jury. Boston Ins. Co. v. Read, CCA 10, 166 Fed. 2d 551, 2 A. L. R. 2d 1155; Mitchell v. Home Ins. Co., 32 Iowa 421; La Course v. Firemen's Fund Ins. Co., 90 N. H. 424, 10 A. 2d 229, and anno. 2 A. L. R. 2d 1160.

The jury in the instant case resolved the issue against the mortgagee and we are unable to find that any reversible error was committed upon the trial. Therefore, the case must be affirmed.

Affirmed.

*Lee, Kyle, Holmes* and *Ethridge, JJ.,* concur.