Helen Ann IRBY, Plaintiff in Error,

v.

Marlin Duane NULIK and Dixie-Portland Flour Company, a corporation, Defendants in Error.

No. 39338.

Supreme Court of Oklahoma.

Dec. 5, 1961.

Butler, Rinehart & Morrison, Oklahoma City, for plaintiff in error.

Looney, Watts, Looney, Nichols & Johnson, by Richard A. Procter, Oklahoma City, for defendants in error.

WILLIAMS, Chief Justice.

· Helen Ann Irby, plaintiff in error, filed against Marlin Duane Nulik and his employer, Dixie-Portland Flour Company, a corporation, defendants in error, an action to recover for personal injuries allegedly received in a motor vehicle collision. From judgment against her based upon jury verdict, plaintiff in error appeals. The parties are referred to hereinafter as they appeared in the trial court.

The plaintiff in her amended petition, alleged that on February 27, 1959, she was driving her automobile in a northerly direction on Western Avenue in Oklahoma City; that at the same time she approached the intersection of California and Western streets preparing to make a right turn onto California, a vehicle driven by the defendant Nulik, owned by defendant Dixie-Portland was proceeding north on Western Avenue; that just as plaintiff attempted to make her right turn, the defendant's vehicle attempted to make a right turn onto California street, and in so doing, ran into plaintiff's vehicle; that she sustained permanent injuries as a result of said collision.

Plaintiff further alleged that the collision was the result of the carelessness and negligence of defendant Nulik who was at all times acting as an agent, servant and employee of Dixie-Portland; that he attempted to turn from the wrong lane of traffic in violation of the ordinances of the City of Oklahoma City; that defendant's vehicle failed to yield the right of way to the plaintiff's vehicle; that defendant's vehicle attempted to change direction of travel without first signaling its intention to do so.

Defendants, in their answer, denied the plaintiff's allegations of negligence, and pleaded that plaintiff's injuries, if any, were due to or contributed to by her own negligence and want of care in that she was traveling at an excessive rate of speed; that plaintiff failed to operate her vehicle at such a speed as would enable her to stop within the assured clear distance ahead; that plaintiff violated Oklahoma City ordinances of provision that "The driver of

any vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle, the traffic and condition of the street."

Plaintiff's evidence was, in part, that she was driving in the lane of traffic next to the curb; that she was traveling about 20 miles per hour; that the defendant's vehicle was in the lane of traffic to her left and approximately ten feet ahead of her; that she had no warning that defendant's vehicle was going to make a right turn; that defendant's vehicle turned into her vehicle; that she slammed on her brakes and tried to stop; that the back dual wheels on the truck hit the side of the left front fender of plaintiff's vehicle; that the defendant's vehicle was moving at the time of collision; that her vehicle was knocked against the curb; that she sustained serious injuries.

Defendant's evidence, in part, was that the length of its vehicle, the truck without the trailer, at time of accident was about twenty feet; that while traveling Western from Reno street to where he started his turn onto California street, defendant Nulik had been driving defendant's vehicle so that it straddled the white line which divided the outside and inside lanes of northbound traffic on Western; that he did this to prevent any other vehicle from coming between him and the curb; that he had to be six or seven feet from the curb in order to negotiate the turn; that when he was in the middle of the block between Reno and California streets he turned on his signal lights to indicate that he was going to make a right turn; that when he started to turn he looked in his right rear view mirror to see if anyone was coming and he saw no one; that he could not complete the turn without stopping because of west bound traffic on California; that while his vehicle was stopped waiting for traffic to clear on California it was struck by plaintiff's vehicle; that plaintiff's vehicle laid down thirty-one feet of skid marks and was traveling at least as fast as the speed limit

of twenty-five miles per hour just prior to the collision.

For reversal plaintiff advances two propositions. The first one is that "The court should have granted a new trial because the verdict is contrary to the evidence." We do not agree.

In Magnolia Petroleum Company v. Angelly, Okl., 306 P.2d 309, 315 this court said:

"The jury had a right to disregard the evidence of defendants and to believe that of plaintiff. It could take into consideration all of the reasonable evidence and circumstances and reasonable inferences to be drawn therefrom. Under the rule, 45 C.J. Sec. 270; 65 C.J.S. [Negligence] § 70, supra, and the facts and circumstances in this record, we cannot say that there is not sufficient evidence to sustain the verdict in this respect."

In Vallier v. Fosburg, Okl., 365 P.2d 160, — we said:

"We will not speculate as to the exact basis of the jury's decision. Suffice it to say, the jury did not agree with defendant's version of the collision, but evidently found that the proximate cause of the collision was defendant's negligence in driving her automobile into Todd's."

We are of the opinion that the evidence and reasonable inferences from the circumstances are sufficient to sustain the verdict of the jury in favor of the defendants.

In Hayes v. Kay, Okl., 290 P.2d 411, 413, this court said:

" 'We have often said that questions of negligence and of contributory negligence are questions of fact for the jury and the court's judgment thereon will not be disturbed on appeal where there is any competent evidence reasonably tending to support the same.' Elam v. Loyd, 201 Okl. 222, 204 P.2d 280, 281."

The second proposition of plaintiff is that "The court erred in giving an

instruction on contributory negligence at a separate time from the other instructions."

Plaintiff and defendants stipulated that the trial court in reading his instructions to the jury, failed to read instruction No. 3; that after opening argument of plaintiff and immediately preceding defendants' argument, instruction No. 3 was read to the jury. This instruction is as follows:

"The mere proof of an accident or injury carries with it no presumption of negligence, but the burden of proof rests upon the party alleging negligence to establish the same by a preponderance of the evidence, and likewise it is incumbent upon such party to show that said negligence thus established was the proximate cause of the injury and damage, if any, received by the party alleging the same. Likewise, the mere proof of an accident or injury carries with it no presumption of contributory negligence, but the burden of proof as to contributory negligence rests on the party alleging the same as heretofore set out in these instructions."

Plaintiff contends that "This placed undue emphasis on the instruction which has to do with the burden of proof."

Plaintiff in her brief admits that "The trial judge can give instructions at times, even after the cause has been submitted to the jury, where no adverse effect results to a party."

In Carter Oil Co. v. Johnston, 208 Okl. 564, 257 P.2d 817, 822, we said:

"Defendant, however, discusses at length the court's instructions 1 to 10 and 13 to 15, but since no objections or exceptions were made to these instructions we must, in the absence of a fundamental error, apply the rule that either party to a suit must save proper exceptions to each instruction of the court to which he objects or the objection is waived. Watson v. Doss, 151 Okl. 132, 3 P.2d 159. * * *"

In Atchison, Topeka and Santa Fe Ry. Co. v. Messmore, Okl., 339 P.2d 779, 783, we said:

"* * * under the harmless error doctrine in force in this jurisdiction, judgments are not usually reversed for errors in instructions, unless they result in prejudice to the objectant (Shultz v. Dillard, Okl., 262 P.2d 139; Threadgill v. Anderson, Okl., 303 P.2d 297), and one of the best tests for prejudice is the possibility of the verdict's having been different had the error not occurred. * * *"

This instruction concerns the burden of proof resting upon both plaintiff and defendants. Plaintiff does not object to the contents of said instruction but only to the time when it was given. We fail to see wherein plaintiff was prejudiced thereby. The plaintiff did not raise any objection at the time of trial.

Affirmed.